MONTGOMERY *v.* WALLACE.

4-9043 226 S. W. 2d 551

Opinion delivered January 30, 1950.

*Jake Brick* and *Cecil B. Nance,* for appellant.

*Hale & Fogleman,* for appellee.

LEFLAR, J. This is an action by the holder of record title[1] to recover land from defendants whose claim is based on adverse possession. The case was tried twice in the Circuit Court. At the first trial the jury's verdict was for defendants, but a motion for new trial was granted because of procedural error, and the case was tried anew. At the second trial the jury again returned a verdict for defendants, and judgment was entered accordingly. Plaintiff appeals.

Plaintiff's title is traced by inheritance from H. A. McGee who in turn held from one Dykeman. Defendant D. W. Wallace received a deed to the land from a different claimant of title in 1923, and offered evidence that he had possession of the land from that time on. Plaintiff likewise gave evidence that she and her predecessors in title had possession during at least part of the time when Wallace claims to have been in adverse possession.

The legal requirements for adverse possession have been stated many times by this court. "In order that

[1] Both parties held deeds to the land, but the Circuit Judge found as a matter of law that plaintiff's record title was good, and this finding is not appealed from.

adverse possession may ripen into ownership, possession for seven years must be actual, open, notorious, hostile, exclusive, and it must be accompanied with an intent to hold against the true owner." *Stricker v. Britt,* 203 Ark. 197, 209, 157 S. W. 2d 18, 23; *Ringo v. Woodruff,* 43 Ark. 469. Adverse possession thus maintained for the statutory seven-year period vests title in the adverse possessor as completely as would a conveyance from the holder of a valid record title. Ark. Stats. (1947), § 37-101; *Hart v. Sternberg,* 205 Ark. 929, 171 S. W. 2d 475. Whether the necessary period of adverse possession has been maintained is a question of fact in each particular case.

The evidence introduced by defendants was to the effect that Wallace took possession of the premises, a one-acre lot with a very poor house on it, at the time he received his deed from a prior possessor in 1923. Defendants' evidence indicated that one Winnie Tucker rented the house from Wallace for a time in 1923, that a family named Gordon rented it from Wallace in 1924, that William Davy lived in it as Wallace's tenant in 1925, that John Tarple had possession as his tenant around 1930 and 1931, and that it was rented to others under Wallace's continuing supervision until 1935. There was evidence that in 1935 Wallace engaged in a dispute with H. A. McGee, apparently concerning the land now in question, and that McGee, a white man, threatened Wallace with physical violence. Wallace, a Negro about 70 years old at the time, left the country at once after this incident, and did not return until after McGee died in 1941. Evidence as to who was in possession during this six-year period was conflicting, but the great weight of the evidence indicated that those in possession were tenants of McGee. At any rate, when Wallace returned to Arkansas in 1941, a tenant named John G. Goodman was on the premises. Wallace at once gave Goodman notice to vacate, and Goodman moved off promptly, Wallace at the same time resuming possession. Plaintiff Mrs. Montgomery, as successor in title to McGee, learned at once of this change of possession.

After Wallace retook the land, he conveyed it to his son Ralph. Ralph put up a well-constructed four-room house on the premises and has used it as his residence since that time. The present action was brought in 1947.

The jury was properly instructed as to the nature of adverse possession and its possible effects as applied to the evidence in this case. Appellant does not now contend that the instructions were erroneous. The appeal depends solely on the sufficiency of the evidence to sustain the verdict. In this situation, we must view the evidence in the light most favorable to appellees (defendants), and if there is any substantial evidence in the record to support the verdict we must affirm. We must do this even though it might appear to us that the preponderance of the evidence is contrary to the verdict. *Hartzog* v. *Dean, ante,* p. 17, 223 S. W. 2d 820.

The summary of the case, set out above, shows that there was evidence in the record that defendant Wallace from 1923 until 1935 kept possession of the premises either in himself or his tenants. The jury could permissibly have accepted this testimony and have found from it that Wallace's possession, continuing for more than seven years, satisfied the definition of adverse possession and therefore vested title in him. McGee's possession for the six years from 1935 to 1941 was not long enough to divest the title thus found to have vested in Wallace. The retaking of possession by Wallace in 1941 was under his preëxistent title. The jury having so found, on sufficient evidence, we cannot disturb their verdict.

The judgment is affirmed.