Morgan v. Hill.

5-483                                   272 S. W. 2d 67

Opinion delivered October 11, 1954.

[Rehearing denied November 22, 1954.]

*A. D. Chavis,* for appellant.

*Coy W. Nixon* and *John Harris Jones,* for appellee.

George Rose Smith, J.   This is a bill in equity by which the appellant seeks to compel the appellee to remove certain fences and other encroachments upon what is asserted to be a public road.   The appellee denies the fact of encroachment and also relies upon a claim of title by adverse possession.   The chancellor dismissed the complaint for want of equity.

Ben Howard formerly owned certain acreage in the vicinity of, but not within the city limits of, the city of Pine Bluff.   In 1921 Howard recorded a plat by which he subdivided this land into lots and blocks, the development being called Ben Howard's Property.   By the plat the north forty feet of the addition was dedicated as an unnamed street which, by reference to other streets in the neighborhood, would now presumably be called Thirty-second Street.   This street has never been accepted or worked by the county, and the evidence indicates that it has hardly been traveled enough to give it the appearance of a public thoroughfare.

The appellant owns four lots which are bounded on the north by the street in question.   He complains of encroachments maintained by the appellee, whose tract lies north of and directly across the street from the appellant's lots.   The weight of the evidence shows that the tract now occupied by the appellee has been under fence

and in the possession of him and his predecessors in title since the year 1918.

The proof does not disclose with certainty whether the appellee's tract lies entirely north of Ben Howard's Property or protrudes into the strip that was dedicated as a street in 1921. But in neither event can the appellant prevail. If there is really no encroachment the appellant obviously has no cause of action. And if there is in fact a protrusion into the street whatever rights the public obtained by the dedication have been extinguished by adverse possession. Our only statute exempting nonmunicipal thoroughfares from the doctrine of adverse possession is Act 66 of 1923. Ark. Stats. 1947, §§ 37-109 and 37-110; *Raney* v. *Gunn*, 221 Ark. 10, 253 S. W. 2d 559. That law protects rural roads against hostile claims "where such adverse possession or occupancy commenced or begun after the passage of this act." Since the possession relied upon by the appellee began some five years before the statute was passed, that possession long ago ripened into title.

Affirmed.