Robert A. NEYLAND *v.* Larry HUNTER and
The Trustees of HOLINESS JESUS NAME CHURCH
OF THE LIVING GOD, Being C. A. McGHEE,
James Ralph THOMAS, Harold INGRAM
and William PRESNULL

83-290                                          668 S.W.2d 530

Supreme Court of Arkansas
Opinion delivered April 30, 1984
[Rehearing denied June 18, 1984.*]

*PURTLE, J., would grant rehearing.

324

*Stripling & Morgan,* by: *Dan Stripling,* for appellant. ·

*Stephen E. James, P.A.,* for appellees.

ROBERT H. DUDLEY, Justice. The appellees claim a prescriptive right to the use of a road that crosses appellant's land. Neither the appellees nor other members of the public had adversely used the road for a period of seven years at the time suit was filed. The appellees contended below that three statutes have shortened the period for the ripening of a prescriptive right. The trial court agreed and held that appellees acquired a prescriptive right or easement. We reverse. Jurisdiction to construe the three statutes is in this court. Rule 29 (1)(c).

The appellees do not claim an easement across appellant's land by deed. They claim a right-of-way by prescription. Prescription is the acquisition of title to a property right which is neither tangible nor visible (incorporeal hereditament) by an adverse user as distinguished from the acquisition of title to the land itself (corporeal hereditament) by adverse possession. *See Real Property - Easements - Prescription Originating in Private Permissive Use,* 6 Ark. L. Rev. 234 (1952). The statutory period for the ripening of title by adverse possession of land is seven years. Ark. Stat. Ann. § 37-101 (Repl. 1962). Adverse possession maintained for the statutory seven year period vests title in the adverse possessor as completely as would a deed from the holder of record title. *Montgomery* v. *Wallace,* 216 Ark. 525, 226 S.W.2d 551 (1950). We do not have a comparable statute for the ripening of a prescriptive easement. However, for many years we have considered the period for acquiring a prescriptive right-of-way as analogous to the statutory seven year period for the acquiring of title by adverse possession and for many years have held that both require seven years. Ark. Stat. Ann. § 37-101; *Patton* v. *State,* 50 Ark. 53, 6 S.W. 227 (1887).

Unlike adverse possession, prescriptive use need not be exclusive. We have frequently held that when governmental authorities assert their dominion by working a road for seven years the public use is under a claim of right. *Patton* v.

*State, supra; Merritt Mercantile Co.* v. *Nelms,* 168 Ark. 46, 269 S.W. 563 (1925); *Thompson* v. *Morris,* 218 Ark. 542, 237 S.W.2d 473 (1951).

In the case at bar the appellees did not adversely use the road for seven years. They had adversely used it for only a little over two years. The road had been graded by the county for six years and six months at the time this suit was filed. More than ten families use the road as the most direct route to the county courthouse. The road serves as a mail route.

The appellees contend that two statutes, codified under "Title 76 — Chapter 1 — Highways," provide new, and shorter, periods for the ripening of easement by prescription. One statute, they argue, would provide a two year period for the ripening of the easement, while the other would provide for an instant easement. Of consequence, neither statute specifically mentions an easement, or right-of-way, or prescriptive use. The statutes are as follows:

§ 76-104 — Direct routes to county court house designated public roads.

Any road that is the most direct route to the County Court House of ten [10] or more families, where said road is a graded road and has been used by the general public as a road for two [2] years shall hereafter be and be termed a public road. [Acts 1923, No. 666, § 3, p. 568; Pope's Dig., § 6971.]

§ 76-105 — All mail routes become public roads.
Hereafter any road that may be used as a mail route or a free rural mail delivery route, shall immediately become a public road on being designated as such mail route by the proper postal authorities of the United States Government. [Acts 1923, No. 666, § 4, p. 568; Pope's Dig., § 6972.]

The statutes cannot be literally construed to provide a limitation period for the acquisition of a prescriptive easement. Likewise, an examination of them in their historical context reveals they are not intended for that purpose.

Prior to 1907, seven years of adverse possession of a road or street against a government would ripen into title. *City of Fordyce* v. *Hampton,* 179 Ark. 705, 17 S.W.2d 869 (1929). In 1907, the General Assembly enacted Ark. Stat. Ann. § 19-3831 which prohibited acquiring title by adverse possession to municipal streets, alleys, or parks. However, non-municipal thoroughfares were subject to the doctrine of adverse possession until Act 666 was passed in 1923. *Raney* v. *Gunn,* 221 Ark. 10, 253 S.W.2d 559 (1952). Section 1 of Act 666 of 1923 is codified under Title 37, Chapter 1, Real Property — Adverse Possession, and is as follows:

§ 37-109 — Title to roads and parks not to be acquired by adverse possession.
Hereafter no title or right of possession to any public thoroughfare, road, highway or public park, or any portion thereof, shall or can be acquired by adverse possession or adverse occupancy thereof, and the right of the public or of the proper authorities of any county to open or have opened any such public thoroughfare, road [,] highway or park, or parts thereof, shall not be defeated in any action or proceeding by reason of or because of adverse possession or adverse occupancy of any such public thoroughfare, road, highway or park, or any portion thereof, which such adverse possession or occupancy commenced or began after the passage of this act. [Acts 1923, No. 666, § 1, p. 568; Pope's Dig., § 8958.]

The wording of § 37-109 was a clear manifestation of legislative intent to protect rural roads from hostile claims where adverse possession or occupancy began after the passage of the act. *Morgan* v. *Hill,* 224 Ark. 39, 272 S.W.2d 67 (1954). Although Section 1 of Act 666 of 1923, § 37-109, copied immediately above, is codified under Real Property — Adverse Possession, and sections 3 and 4 of the same act, § 76-104 and § 76-105, copied two paragraphs above, are codified under Highways, they must be interpreted as one act. In that context, § 76-105 obviously means that, if a road serves as a mail route, it is designated as a public road and cannot be acquired from the county by adverse possession; § 76-104 means that if a road is the most direct route to the

county courthouse for ten or more families, has been graded, and has been used by the public for two years or more it is classified as a public road and cannot be acquired by adverse possession.

Twice we have expressly stated that the purpose of Act 666 of 1923 is to protect rural roads from hostile claims of adverse possessors. *Raney* v. *Gunn*, 221 Ark. 10, 253 S.W.2d 559 (1952) and *Morgan* v. *Hill*, 224 Ark. 39, 272 S.W.2d 67 (1954). Sections 3 and 4 of the act are codified as §§ 76-104 and 76-105. Unfortunately, neither case is annotated under either § 76-104 or § 76-105. Nevertheless, neither statute shortened the period for the ripening of a right to prescriptive use. Both are solely to protect rural roads from adverse possessors. The chancellor erred as a matter of law in holding that § 76-104 and § 76-105 shortened the period for the ripening of a prescriptive easement.

The chancellor also erred in holding that Ark. Stat. Ann. § 76-101 (Repl. 1981) "declares that all roads worked with public funds shall be public roads." The statute does not contain a limitation period. It means that a public road does not have to be established by a formal order of the county court but that a prescriptive right-of-way can be established by the county working the road for a period of seven years. *Patton* v. *State*, 50 Ark. 53, 6 S.W. 227 (1887).

Since neither the appellees nor governmental authorities asserted dominion over the road at issue for a period of seven years prior to the filing of suit and, since appellees do not hold a right-of-way grant, they have no easement to cross appellant's land. Thus, the case must be reversed. It must also be remanded since appellant asked for damages and an injunction against appellees' further use of the private road.

Reversed and remanded.

HICKMAN, J., and HOLLINGSWORTH, J., concur.

PURTLE, J., dissents.

P. A. HOLLINGSWORTH, Justice, concurring. I concur with the result. However I would hold Ark. Stat. Ann. § 76-101, § 76-104 and § 76-105 unconstitutional because they allow property to be taken without due process of law in violation of the fourteenth amendment to the federal Constitution. .'

HICKMAN, J., joins in this concurrence.

JOHN I. PURTLE, Justice, dissenting. It was the appellant landowner who commenced this action to close a road across his lands. The road had existed to one degree or another for more than ten years. It had been shown on county maps as a county road for many years and the county had maintained it for at least six to seven years. It was a mail route and a bus route and more than ten families lived on the road. Owner Presnull and his subsequent grantees had traveled the road for more than seven years. Appellant admitted he was aware of Presnull's use of the road from 1973 until the trial in 1983.

All the appellees claimed was a private and public prescriptive right to use this county maintained bus route, mail route and road, to travel to and from home, church and city. They are not interested in whether they have a prescriptive right, adverse possession or corporeal or incorporeal hereditament. They could not care less whether a right to possession of any public thoroughfare, road, highway or public park can be acquired adversely. That subject is simply not relevant. They seek to establish the road — not to destroy it.

The majority opinion quotes Ark. Stat. Ann. § 76-104 and § 76-105 as enacted in 1923. Both statutes were slightly changed by Act 165 of 1983. However, they remain basically unchanged. The result in this case should be unaffected. Arkansas Stat. Ann. § 76-104 (Supp. 1983) provides that the county judge may, at his discretion, designate a road that "is the most direct route to the county courthouse for ten (10) or more families, and which road is graded and has been used by the general public as a road for at least two (2) years." That statute is clear, plain and unambiguous. It needs no crutches for its interpretation. It means exactly what it says.

Neither of the statutes quoted by the majority has any language whatsoever to indicate they were enacted for the protection of the county. These statutes clearly were intended to benefit the public. Act 666 of 1923 has no place in their opinion except to lengthen it.

What difference does it make to a landowner if he loses his property to the public for a road in two or seven years. After standing by and observing the road maintained by the county made into a school bus route and mail route and used by people going to and from church for up to nine years, he now seeks to fence them in. The evidence here would even support a seven year use by people without the consent of the owner.

The best I can figure, the majority holds Ark. Stat. Ann. §§ 76-104 and 105 are probably constitutional but have a meaning other than what they state. This is the most strained and warped construction I have ever had the duty to read. I would affirm the decision of the trial court.