Jessie C. JOHNSON and Evie Lou JOHNSON *v.*
William C. WYLIE

84-119                                      679 S.W.2d 198

Supreme Court of Arkansas
Opinion delivered November 13, 1984

*Shackelford, Shackleford & Phillips, P.A.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Kay J. Jackson Demailly,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. By this appeal we are asked to determine whether the trial court abused its discretion in declaring Road No. 244 in Calhoun County to be a county road pursuant to Act 166 of 1983, and whether that act is unconstitutional.

Road 244 is a gravel road running west from Highway 167 in Calhoun County. It is located for the most part on lands belonging to Calion Lumber Company and ends in a cul-de-sac at Champagnolle Creek, a feeder of the Ouachita River. The road serves some ten or twelve families, including John and Pauline Bean and the appellants, Jessie and Evie Lou Johnson. The Johnsons own lands at the turnaround, with the Beans having an easement. Disputes between the Beans and the Johnsons over the use of the road have resulted in two previous suits, the more recent terminating in this court on April 25, 1983. See *Bean* v. *Johnson,* 279 Ark. 111, 649 S.W.2d 171 (1983).

In 1983 the Arkansas General Assembly enacted Act 166, amending Acts 461 and 666 of 1923 [Ark. Stat. Ann. § 76-104 et seq. (Repl. 1981)], giving county judges the discretion to designate roads used as school bus routes as county roads and obligating the county to maintain and repair roads having been so designated.

In July of 1983, the county judge declared the road to be a county road and the Johnsons filed suit against him to set the order aside. The Chancellor held for the county judge upon a finding the road had been used as a school bus route

for ten years or longer and had been maintained by the county for an equal period. He upheld the constitutionality of the statute. We affirm the decree.

On appeal the Johnsons urge the order of the county judge was an abuse of the discretion given him under the act. We disagree with that contention. The argument is grounded on the fact that a number of individuals testified they did not want the road declared a county road, the exception being John Bean, whose objective was said to be the sale of his property. Appellants submit the taking was to further the interests of the Beans.

Appellee admitted giving consideration to Bean's request, but that cannot be said to be the only reason for his action. He said there had been problems over the use of the road for several years; that people had asked him why they couldn't use the road if it was a route for the school bus. They complained of being stopped on the road and verbally abused. Appellee had discussed the problem with a mail carrier, the sheriff and a Hampton city councilman prior to his actions. He said he already regarded the road as being a county road, the only one he knew of serving as a school bus route which had not been designated as a county road. These factors, and more importantly, the prolonged use as a school bus route and the maintenance for many years by the county provide an ample basis for the appellee to have acted under the statute. The Chancellor's finding that the appellee did not exercise his discretion improperly is not clearly against the preponderance of the evidence. ARCP Rule 52.

The argument that Act 166 is unconstitutional is also without merit. Certainly under Article 2, Section 22 of our Constitution, private property may not be appropriated for public use without just compensation. But there was no taking here in the sense contemplated by the Constitution and the several cases cited by appellants. Where an owner permits what might otherwise have been a private road to be used as a school bus route for upwards of ten years and permits the county to repair and maintain the road for a comparable period, he cannot be heard to complain that his property has been taken without compensation. In effect,

the declaration of public usage simply recognizes what his actions have already created by sufferance. Mr. Johnson conceded the school bus had used the road regularly and the county had applied gravel and used a grader on the road once or twice a year. Given the strong presumption in favor of the constitutionality of legislative enactments the Chancellor's holding that Act 166 is not unconstitutional was not error as applied to the facts of this case. *Gay* v. *Rabon*, 280 Ark. 5, 652 S.W.2d 836 (1983); *Davis* v. *Cox*, 268 Ark. 78, 593 S.W.2d 180 (1980).

Appellee submits that in our recent decision in *Neyland* v. *Hunter*, 282 Ark. 323, 668 S.W.2d 530 (1984), we upheld the constitutionality of Ark. Stat. Ann. § 75-104 and 105 (Repl. 1981), which Act 166 amended. But constitutionality was not argued in *Neyland*. We held those sections were not intended to be literally construed to shorten the duration of seven years required for a prescribed easement to take effect, the adverse time lapse in *Neyland* being just over two years.

We need not determine whether that same interpretation applies to Act 166, as the time element is undisputedly in excess of ten years, and the Act is dependent upon a circumstance not prescribed in § 75-104 and 105, i.e. the exercise of discretion by the county judge in declaring the road to be a county road. No doubt the duration of usage as a school bus route and the extent of maintenance by the county will have its influence on the exercise of such discretion in other cases. Clearly the county judge in this case was influenced by these factors.

Appellant's final argument that they are entitled to an injunction prohibiting entry to the road pursuant to the order is answered under the other points.

The decree is affirmed.

HICKMAN, J., and HOLLINGSWORTH, J., dissent.

PURTLE, J., not participating.

DARRELL HICKMAN, Justice, dissenting. The county

judge, acting pursuant to Act 166 of 1983, declared a private road to be a "county" road. As a result, the appellants were deprived of their private property without compensation. They appealed and the chancery court found the act in question constitutional.

The act is so obviously unconstitutional it should be summarily stricken. However, this is not the first time the power of the state to take private property has been approved by us without serious scrutiny. See *Young* v. *Energy Transportation Systems, Inc., of Ark.,* 278 Ark. 146, 644 S.W.2d 266 (1983). The act provides: "The county judge may, in his discretion, designate as county roads, roads used as school bus routes." Ark. Stat. Ann. § 76-106 (Supp. 1983). The act is unconstitutional because, among other things, it deprives landowners of their property without just compensation.

It is undisputed that the road in question was a private road. A county judge does not have jurisdiction to decide whether a condemnation is for a private or public purpose; that is, whether this private road was needed to become a "county" road ot a public road. Jurisdiction for that decision is in chancery court. *Gilbert* v. *Shaver,* 91 Ark. 231, 120 S.W. 833 (1909). So, the "hearing" the county judge held among the people who were using the road was illegal. The state's power of eminent domain is not an unbridled power. It is a power which this court has limited. The ownership of property is such an important right of the people of this state that it must be protected. We have done so by strictly construing the statutes that exercise the right of eminent domain in favor of the landowner against the condemnor. *City of Little Rock* v. *Raines,* 241 Ark. 1071, 411 S.W.2d 486 (1967); *City of Little Rock* v. *Sawyer,* 228 Ark. 516, 309 S.W.2d 30 (1958).

This statute is merely a device by which a county judge can avoid the constitution and Ark. Stat. Ann. §§ 76-901 et seq. which provides the legal way to declare a road a county road and which expressly provides for compensation if a private road is so declared. Ark. Stat. Ann. § 76-923. Al-

though county judges encounter problems in dealing with private roads that are being used by others and as school bus routes, that is hardly justification for violating the Arkansas and United States constitutions. There are no limitations in the statute at all.

The majority makes light of the issue of "taking." "Taking" has been defined as "any substantial interference with the free use and enjoyment of property." Vol. 1, Nichols, *Eminent Domain,* § 6.01 (1) p. 6-10 (3rd Ed. 1984). Here, the property was taken by the county and the appellants have been denied their use and enjoyment of the property. Appellee argues that there was not a taking since the county has helped maintain the road for ten years. Obviously, the county did not have to maintain the road and this act cannot justify avoidance of the constitution. Furthermore, maintenance is not a claim of right, and the county must compensate the owner for the land when it is subsequently taken. *City of Stamps* v. *Beasley,* 224 Ark. 132, 271 S.W.2d 936 (1954).

Was there a taking in this case? Taking has been defined as "an entering upon private property for more than a momentary period, and, under the warrant or color of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust the owner and deprive him of all beneficial enjoyment thereof." 26 Am. Jur. 2d, Eminent Domain, § 157 (1966). This court found a taking by the highway department, even though it had a right to take, but did so without just compensation to the landowner or when it was taken for a use other than one for the public. *Cathey* v. *Arkansas Power & Light Co.,* 193 Ark. 92, 97 S.W.2d 624 (1936).

Before the declaration was made by the county judge that this was a public road, this road was a private road from which the public could be excluded. Without due process of law, a county judge, pursuant to a statute, has altered permanently property interests in this road and based it solely on the fact that a school bus has used it.

The United States Supreme Court treats the question of taking more seriously than the majority. In *Penn Central Transportation Company* v. *City of New York,* 438 U.S. 104 (1978), the court held that an interference with private property by the government is a taking if the taking can be considered to be a physical invasion by the government. In the instant case, the county did physically invade the appellants' property by declaring the appellants' road to be a public road.

Besides the fact that all statutes granting the power of eminent domain must be strictly construed in favor of the landowner, which the majority is not doing, there is the requirement in the United States Constitution that a person cannot be deprived of his property without due process of law. See *Neyland* v. *Hunter,* 282 Ark. 323, 668 S.W.2d 530 (1984) (Hollingsworth, J., concurring). In such cases there are five considerations. The property must be private, taken, for a public use, for just compensation and with an opportunity to be heard.

It is undisputed that this is private property and by declaring the road a county road, it was taken. The county received at least a limited interest in the land. At a minimum the county will receive an easement with the original owner retaining the fee. *Freeze* v. *Jones and Harvel,* 260 Ark. 193, 539 S.W.2d 425 (1976); *Taylor* v. *Armstrong,* 24 Ark. 102 (1863).

It is undisputed that the taking was without any compensation. That is the purpose of the statute, to avoid proper legal procedure and compensation. The due process clause requires that a landowner be given an opportunity to be heard. A "hearing" in the county judge's office is hardly what the law has in mind. Even though Article 7 § 28 of the Arkansas Constitution grants the county court jurisdiction over all matters concerning county roads, that section does not apply to condemnation proceedings. *Road Improvement District No. 6* v. *Hall,* 140 Ark. 241, 215 S.W. 262 (1919). The statute gives the right to the *county judge* to act, which presumably means in his capacity as administrator, not when acting as the county court. There was no "hearing" as

required by the Constitution of the United States. There is no semblance of constitutionality in this statute by any standard of law, whether it is our cases, our constitution or the United States Constitution. To suggest that a county judge "in his discretion" can take private property without just compensation is ludicrous.

I dissent.

HOLLINGSWORTH, J., joins in this dissent.