The Honorable Bob Watts State Representative Rt. 1, Box 125 Harrison, Arkansas 72601-9716
Dear Representative Watts:
This is in response to your request for an opinion concerning the existence of cattle guards on county roads. Your three questions are as follows:
1. Is a cattle guard allowable on a county road?
 2. Does the county have an obligation to continue to maintain an existing cattle guard or may the county remove a cattle guard from a county road?
 3. If the cattle guard was constructed by a private landowner and then maintained by the county, would the landowner be entitled to compensation for removal of the cattle guard?
It is my opinion, in response to your first question, that there does not appear to be any provision of law prohibiting a cattle guard on a county road. The only statute which discusses cattle guards is A.C.A. § 27-64-102, which allows a landowner, upon petition to the county court, to construct a cattle guard across any road which is not a paved road, or a state road in the highway system. The statute refers to roads which in some fashion have become public, as opposed to private roads (although the statute does not specifically refer to "county roads"). SeePierce v. Jones, 207 Ark. 139, 179 S.W.2d 454 (1944). Additionally, construction of cattle guards under this statute is not allowed if it would greatly inconvenience the traveling public. Finally, if after the cattle guard is permitted, proof is shown that it is a hazard to the traveling public, it must be ordered removed. Although the statute does not specifically address county roads, it would appear to authorize the construction of a cattle guard on a county road, if the road is unpaved, not a state road in the highway system, and its construction would not inconvenience the traveling public. If, however, sometime after its construction, it becomes a hazard, "it must be ordered removed."
Additionally, apart from the statute above, the county judge is charged with the duty to operate the system of county roads. A.C.A. § 14-14-1101(a)(3) and A.C.A. § 14-14-1102(b)(1). There appears to be no impediment to the county judge, in his discretion, authorizing the existence of a cattle guard on a county road. It has been held that such guards are not sufficient obstructions to prevent use of a public road. Wynn v. Hale,227 Ark. 765, 301 S.W.2d 466 (1957), and White v. County ofFaulkner, 269 Ark. 304, 601 S.W.2d 827 (1980).
In response to your second question, it is my opinion that the decision of whether to maintain a cattle guard on a county road, or to remove it, is within the discretion of the county judge as noted above. See Arkansas Constitution, Amendment 55, § 3, and again, A.C.A. § 14-14-1102(b)(1).
It is my opinion that the answer to your third question is generally "no." A landowner constructing a cattle guard on a county road would not be entitled to compensation upon removal. Generally, improvements made by a trespasser to public property are made at his own risk. 73A C.J.S. Public Lands § 25. It has also been stated that ordinarily a person is not entitled to reimbursement for improvements voluntarily made by him on the land of another in the absence of an express contract to the contrary. See 42 C.J.S. Improvements § 5. Additionally, even if the road was a private one when the cattle guard was constructed, it is my opinion that the landowner would not be entitled to compensation. As was stated in Johnson v. Wylie,284 Ark. 76, 679 S.W.2d 198 (1984):
 Certainly under Article 2, Section 22 of our Constitution, private property may not be appropriated for public use without just compensation. But there was no taking here in the sense contemplated by the Constitution. . . . Where an owner permits what might otherwise have been a private road to be used as a school bus route for upwards of ten years and permits the county to repair and maintain the road for a comparable period, he cannot be heard to complain that his property has been taken without compensation.
284 Ark. at 78.
It is therefore my opinion that where a landowner constructs a cattle guard on a public or county road, or upon a private road which becomes public other than by the exercise of eminent domain, and allows the county to maintain it, there is no taking of "private property" which would necessitate the payment of "just compensation" under the constitution upon its removal.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh