The Honorable Brent Davis Prosecuting Attorney Second Judicial Circuit P.O. Box 491 Jonesboro, Arkansas 72403
Dear Mr. Davis:
This is in response to your request for an opinion concerning the designation of a county road in Greene County. You have posed five questions relating to this topic and have enclosed relevant local ordinances and county court orders with your request. Your five specific questions are as follows:
 1) Does the Quorum Court have the authority to pass an ordinance which sets forth standards, design specifications and procedures for the construction of roads, which must be met before the road is accepted into the county road system?
 2) Does Ark. Code Ann. 27-66-204 authorize the county judge to designate as a county road any road which meets the criteria set forth in A.C.A. § 27-66-204 even if an ordinance such as the one described in [(question 1)] above, is in effect, and the standards set forth in the ordinance have not been met?
 3) Must the requirements for establishing a county road set forth in A.C.A. §§ 14-298-101 to 14-298-116, be complied with if the county judge seeks to designate a road as a county road under A.C.A. § 27-66-204?
 4) If the provisions of A.C.A. §§ 14-298-101 to 14-298-116 are complied with, may a road be declared a county road even if the requirements for designating a road as a county road under an existing county ordinance such as described in [(question 1)] above have not been met?
 5) What is the definition of `county court' as used in A.C.A. §§ 14-298-101 to 14-298-116? Does `county court' mean County Judge or Quorum Court?
I must note from the outset that a question involving the designation of a road, as with any question affecting a particular piece of property, may turn to a great degree upon factual issues. You have posed five bare questions of law and have enclosed a number of documents relevant to a particular set of facts in Greene County, Arkansas. I will address your bare questions of law, but cannot, in the context of an official Attorney General opinion, conclusively opine as to the law's application to any relevant facts. Only a factfinder (i.e., a court), presented with all the relevant facts and circumstances, could come to any definite conclusions as regards any one fact situation.
That being said, I can proceed to address your questions of law.
In response to your first question, it is my opinion that although the quorum court may have authority to pass an ordinance such as the one you describe, the authority to enforce its provisions may have to give way, in certain instances, to the constitutional and statutory authority of the county judge and/or "county court."
As a general matter, the quorum court of each county is authorized to exercise "local legislative authority not denied by the Constitution or by law." Arkansas Constitution, Amendment 55, § 1(a). In addition, A.C.A. § 14-14-802(b)(2)(G)(i) states that the quorum court may provide through ordinance for, among other things, "roads and bridges. . . ." The constitutional and statutory power of the county judge and county court over county roads, however, may not be ignored. A discussion of the history of this authority will be helpful in addressing each of your questions, and will thus be set out at this point. Article 7, section 28
of the Arkansas Constitution of 1874 provides that:
 The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, [and] bridges. . . . The county court shall be held by one judge, except in cases otherwise herein provided.
This constitutional provision is impacted to some degree, however, by the later enactment of Arkansas Constitution, Amendment 55, § 3, which states that:
 The County Judge, in addition to other powers and duties provided for by the Constitution and by law, shall . . . operate the system of county roads. . . . [Emphasis added.]
The enabling legislation to Amendment 55, (Act 742 of 1977) states that: "[t]he General Assembly determines that the executive powers of the county judge as enumerated in Arkansas Constitution, Amendment 55, § 3 are to be performed by him in an executive capacity and not by order of the county court." A.C.A. § 14-14-1102(a). The statute goes on to state that the county judge "shall be responsible for the administrative actions affecting the conduct of a plan of public roadways and bridges . . . including the maintenance and construction of public roadways and bridges. . . ." A.C.A. § 14-14-1102(b)(1).
Amendment 55, § 3 empowers the county judge to "operate the system of county roads," and this operation is to be accomplished in an "executive capacity" and not by order of the county court. It also appears, however, that the existing powers of the "county court" in Arkansas Constitution art. 7, § 28 were not displaced by Amendment 55, § 3. The Arkansas Supreme Court, as late as 1993, has recognized the continuing exclusive original jurisdiction of the "county court" over the system of county roads under Arkansas Constitution art. 7, § 28. See Yates v.Sturgis, 311 Ark. 618, 846 S.W.2d 633 (1993) (holding that article 7, § 28 gives the county court jurisdiction over all public roads in the county including streets within a city). It appears that the authority granted the "county judge" in Amendment 55 to "operate" the system of county roads may be somewhat more narrow than the original authority of the "county court" under art. 7, § 28 over county roads. The county judge may thus engage in administrative actions pertaining to the "operation" of the system of county roads in an executive capacity under Amendment 55, and need not exercise such actions through use of the "county court." The "county court," however, retains any judicial authority over the system of county roads as granted in art. 7, which was not granted the "county judge" under Amendment 55 to be exercised in an executive capacity. See, e.g., A.C.A. §§ 14-14-1105(a) and (b)(6).
That being said, it is my opinion, in response to your first question, that a quorum court does not have the authority to set and enforce design specifications which would interfere with the "exclusive original jurisdiction" of the county court under Article 7, § 28, or with the county judge's "operation" of the system of county roads, or with any constitutional or statutory authority of the county judge which existed at the time of the adoption of Amendment 55, § 3. It has been held at various times that the county court or the county judge have authority to designate and open county roads. See, e.g., Prewitt v. Warfield, CountyJudge, 203 Ark. 137, 156 S.W.2d 238 (1941) (county court has authority to lay out county road under what is now A.C.A. § 14-298-121); Arkansas Game Fish Commission v. Lindsey, 292 Ark. 314, 730 S.W.2d 474 (1987) (county judge has authority to enter an order declaring a mail route or a school bus route a county road under A.C.A. §§ 27-66-205 and -206); andJohnson v. Wylie, 284 Ark. 76, 679 S.W.2d 198 (1984) (county judge has authority to declare a school bus route a county road under A.C.A. §27-66-206). In my opinion the quorum court, through the exercise of its legislative authority, may not interfere with the ultimate authority of the county judge or county court in this regard. See, e.g., A.C.A. §14-14-502 (providing for separation of powers between the departments of county government). See also Op. Att'y Gen. 92-081 (concluding that the county judge has authority to accept private roads into the county road system, at least under A.C.A. §§ 27-66-204, -205, -206, -207 and -208, without the approval of the quorum court).
It is therefore my opinion that the answer to your first question is "no," if the enforcement of such an ordinance would unlawfully interfere with the power of the county judge or county court.
Your second question references A.C.A. § 27-66-204 (Repl. 1994), which provides that:
 The county judge, in his discretion, may designate as a county road any road that is the most direct route to the county courthouse for ten (10) or more families if that road is graded and has been used by the general public as a road for at least two (2) years.
I have previously concluded that this statute vests the authority solely in the county judge, and that the statute does not imply any approval authority of the quorum court. See Op. Att'y Gen. 92-081. Consequently, it is my opinion that the answer to your second question is "yes."[1]
Your third question inquires as to whether the procedures set out in A.C.A. §§ 14-298-101 to -116 must be complied with if the county judge seeks to designate a road as a county road under A.C.A. § 27-66-204. Again, A.C.A. § 27-66-204 gives the county judge authority, under certain circumstances, to designate as a county road any road that is the most direct route to the county courthouse for a number of families. It was amended as recently as 1983. The other statutes you reference in your third question (A.C.A. §§ 14-298-101 to -116), were adopted in 1871. They prescribe a procedure for petitioning for the opening, altering or vacation of a county road, and the "publisher's notes" to each of these statutes indicate that they "may be superseded by A.C.A. § 14-298-120." It is my opinion that the answer to your third question is "no," the procedures under A.C.A. §§ 14-298-101 to -116 need not be complied with prior to the county judge's exercise of authority under A.C.A. §27-66-204. The two statutory schemes are independent of each other. Cf.Arkansas Game Fish Commission v. Lindsey, supra. Cf. also Prewitt v.Warfield, County Judge, supra.
Your fourth question inquires whether compliance with a local ordinance setting design specifications must be had if the provisions of A.C.A. §§14-298-101 to -116 are all observed in the designation of a new county road.[2] Again, the subchapter you mention was enacted in 1871 and involves the use of a petition process to secure the designation of a county road. Provision is also made under this subchapter for the payment of damages to affected landowners. Again, it is noted by the publisher of the Arkansas Code that these statutes "may be" superseded by A.C.A. §14-298-120, enacted in 1965. To the extent these statutes have continuing validity, however, it is my opinion that they grant the "county court" the ultimate authority to determine whether a county road should be so designated. See, e.g., A.C.A. § 14-298-113 (stating that the county court may, if the road will be of sufficient importance to the public to cause compensation to be paid by the county, order the opening of the road). The same power, whether through the petition process or otherwise, is given the "county court" in the later more abbreviated procedure set out in A.C.A. § 14-298-120. Consequently, it is my opinion that the quorum court does not have authority to impose conditions upon the opening of roads in a manner which would restrict the county court's exercise of its constitutionally and statutorily granted discretion over county roads.See, e.g., A.C.A. §§ 14-14-805(13) (quorum court prohibited from passing any legislative act contrary to the general laws of the state); and14-14-807(5) (quorum court prohibited from passing laws directing or requiring a county officer to carry out any function or provide any service).
Your fifth and final question inquires as to the definition of "county court," as used in A.C.A. §§ 14-298-101 to 14-298-116, and asks whether this phrase refers to the "county judge" or the "quorum court." The "county court" strictly speaking, is neither the "county judge" nor the quorum court. It is, however, presided over by one judge, the "county judge," who, when so presiding, acts in a judicial, rather than an executive capacity. See Arkansas Constitution, art. 7, § 28 and A.C.A. §14-14-1105(a). It has been stated that: "[a]lthough the Arkansas Supreme Court has meticulously separated the judicial and executive functions of the county judge on a case-by-case basis, there is still great confusion in Arkansas with respect to what the county court is." Comment, CountyGovernment Reorganization in Arkansas, 28 Ark. L. Rev. 226, 235 (1974). It was stated, prior to the adoption of Amendment 55, that: "In each county there is a court, presided over by a county judge, known as the county court. . . . The county court is the principal instrument of county government and performs a mixture of executive and legislative as well as judicial tasks." Greenebaum, Arkansas' Judiciary: It's Historyand Structure, 18 Ark. L. Rev. 152 (1964). Since the adoption of Amendment 55, the county court exercises fewer powers (former powers now being exercised either by the quorum court, or by the county judge in an executive capacity), but it clearly still exists, and consists of the county judge, wearing a judicial hat. See again, A.C.A. § 14-14-1105. It is my opinion that the references to the "county court" in A.C.A. §§14-298-101 to -116, enacted in 1871, refer to this "court."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] A similar statute authorizing the designation of school bus routes as county roads (A.C.A. § 27-66-206), has been criticized as "merely a device by which a county judge can avoid the constitution and [a relevant subchapter] which provides the legal way to declare a road a county road and which expressly provides for compensation if a private road is so declared." See Johnson v. Wylie, supra at 80, Hickman and Hollingsworth, JJ. dissenting. The majority in Johnson, however, upheld the constitutionality of the statute on the facts in that case. I assume, however, because documents enclosed with your request reflect that affected landowners have granted perpetual easements for the road in question, that no issue as to compensation is presented by your questions.
[2] The "county road" order enclosed with your request does not mention this subchapter, but relies rather on A.C.A. § 26-66-204.