The Honorable Russ Hunt State Representative P.O. Box 200 Searcy, AR 72145-1200
Dear Representative Hunt:
This is in response to your request for an opinion on the following question:
 Who has the legal right to make decisions about a portion of land that has been used by the public and maintained by the county road department for at least 25 years, but a near by property owner claims the land belongs to her?
RESPONSE
It is difficult to answer this question in the abstract, without knowing what particular "land" is involved, as well as the exact nature of the public use. The County Judge of course has the power, under Amendment 55
to the Arkansas Constitution, to operate the system of county roads. The County Judge is also responsible for maintaining "public roadways . . . eligible for expenditure of county funds." A.C.A. §14-14-1102(b)(1)(A)(I) (Repl. 1998). Whether a "public roadway" exists in this instance is likely a question of fact that cannot be resolved in an opinion from this office. I will, however, set forth the general legal principles that may guide the factual analysis, depending upon the specific circumstances.
I assume that there is no county court order establishing the property at issue as a "county road," otherwise there would presumably be no question regarding the County Judge's authority with respect thereto. It should be recognized, however, that a public road does not have to be established by a formal order of the county court. See Neyland v. Hunter,282 Ark. 323, 668 S.W.2d 530 (1984). The fact, as stated in your question, that the county road department has long maintained the "land" suggests that there may be a public easement or a public roadway by "prescription."
A so-called "prescriptive right-of-way" can be established by the county working a road for a period of seven years. Id., citing Patton v. State,50 Ark. 53, 6 S.W. 227 (1887). See also, generally, Zunamon v. Jones,271 Ark. 789, 610 S.W.2d 286 (Ark.App. 1981) (regarding a public easement by prescription). As noted by the Arkansas Supreme Court in Neyland, supra,
"[the court has] frequently held that when governmental authorities assert their dominion by working a road for seven years the public use is under a claim of right." 282 Ark. at 325. This "right" is based upon the principle of adverse possession, which requires that the use be "open, peaceable, exclusive, notorious and hostile . . . for more than seven years, continuously . . ." Patton, supra, 50 Ark. at 62. The open and notorious use is sufficient to put the owner of the property on notice and acquiescence will be presumed. Id.
In response to your specific question, therefore, depending upon the particular surrounding facts, the County Judge may have the right to make decisions regarding the portion of land in issue if it has been established as a public roadway. This is an intensely factual question. If a dispute remains, a judge may ultimately have to make this determination.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh