Cite as 2022 Ark. App. 304

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-21-284

| | |
|---|---|
| LONOKE COUNTY, ARKANSAS, THROUGH THE LONOKE COUNTY COURT AND THE COUNTY JUDGE OF LONOKE COUNTY, INDIVIDUALLY AND TOGETHER<br><br>APPELLANT<br><br>V.<br><br>LARRY NIPPER AND KATHRYN NIPPER<br><br>APPELLEES | Opinion Delivered August 31, 2022<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CV-19-975]<br><br>HONORABLE DAVID N. LASER, JUDGE<br><br>REVERSED AND REMANDED; DISMISSED AS MOOT IN PART |

**STEPHANIE POTTER BARRETT, Judge**

This appeal involves real property known as Salem Cut Road (hereinafter, "Salem Road") located in Lonoke County. On appeal, Lonoke County argues the circuit court (1) erred in granting summary judgment in favor of appellees Kathryn and Larry Nipper; and (2) erred in denying its motions for partial dismissal and motion for summary judgment. We hold there are genuine issues of material fact and reverse and remand the circuit court's order granting summary judgment in favor of the Nippers, and we remand for further proceedings consistent with this opinion.

On September 2, 1987, real property that contains Salem Road was conveyed by warranty deed from E.A. and Rothie May Nipper to appellees Larry and Kathryn Nipper

(hereinafter, "the Nippers"). On June 25, 2019, the Nippers received a letter from Doug Erwin, Lonoke County judge, informing them they had thirty days to remove fencing that was encroaching on the Bethlehem Road right-of-way or legal action would be taken. The Nippers responded to Judge Erwin's letter on July 23, stating they believed the fencing is on the private road, not Bethlehem Road and requested proof that the road in question is a county road. In response, the county judge provided the Nippers a record of county maintenance done on Salem Road since March 17, 2017, which reflected that gravel had been placed on the road in 2019. The county judge additionally indicated there were county employees who predated his tenure that could attest to continuous maintenance of the road throughout the years.

On September 4, 2019, the Nippers received a letter from Judge Erwin stating he inadvertently referred to Salem Road as Bethlehem Road in his previous correspondence. He indicated that Salem Road had been identified as a county road that had been open and used by the public since at least the early 1900s and that it had been long established as a public roadway by public-use prescription and the county maintained adverse possession. Judge Erwin stated to the Nippers that the fencing and any obstructions must be removed within ten days, or it would be removed by the county.

On September 16, 2019, Judge Erwin, citing Ark. Code Ann. § 14-14-1102(b)(1)(A)(i) (Repl. 1998), entered an order declaring Salem Road a public road by a public-prescriptive easement as the Lonoke County Road Department had maintained the road for a period well in excess of seven years. The Nippers filed a complaint in the Lonoke County Circuit

2

Court on November 13, 2019, alleging the county erred by declaring Salem Road a public road, that the county cannot obtain rights to the "ditches" adjacent to Salem Road by prescriptive easement, that this was an unconstitutional taking under the Arkansas Constitution, article 2, section 22, that the order was in violation of Arkansas law, and the order was unconstitutionally vague.

Lonoke County filed an answer to the Nippers' complaint and notice of appeal and petition for judicial review on December 16, 2019, alleging that Salem Road is, and has been, a public road. Additionally, Lonoke County filed a motion for partial dismissal alleging the Nippers' constitutional taking claim is not actionable because the circuit court does not have subject-matter jurisdiction over the matter, unless and until the Nippers exhaust adequate remedies available by law. The Nippers filed a response to the motion for partial dismissal, asserting that the only remedy available to them was to appeal the order declaring Salem Road a public road because they could not obtain just compensation for their land due to the fact that it was taken by prescriptive easement.

On February 6, 2020, the Nippers filed a motion for summary judgment alleging that neither the public nor the county had acquired a prescriptive easement to Salem Road or the adjacent ditches. The Nippers attached Larry Nipper's affidavit wherein he stated that the county did not maintain the road, nor did the public continuously use the road until 2014 at the earliest. The Nippers argued that there could be no prescriptive easement because seven years had not elapsed prior to the county court's September 16, 2019 order declaring Salem Road a public road.

On February 27, 2020, Lonoke County responded to the motion for summary judgment and asked for an extension of time to conduct discovery prior to a ruling on the motion, and in the alternative, argued that it was entitled to summary judgment as a matter of law due to "the ample proof" that Salem Road is a public road and because the conveying deed expressly recognized the public and open nature of the road. In addition, Lonoke County argued that the Nippers' motion for summary judgment should be denied. Lonoke County attached ten affidavits to its response that averred Salem Road was a public road and had been maintained by the county for 150 years.

On March 23, 2021, the circuit court entered an order and judgment granting the Nippers' motion for summary judgment, finding that Salem Road is a private road belonging to the Nippers. Additionally, the circuit court vacated the September 16, 2019 order declaring Salem Road a public road and also denied Lonoke County's motion for summary judgment and motion for partial dismissal.

In its findings of fact, the circuit court focused heavily on the documentation provided by the Nippers, which traced the property's chain of title to its original conveyance from the United States in 1821. The circuit court found that Lonoke County failed to present any evidence that title to any portion of Salem Road was ever transferred to the county. The circuit court noted the "County Maintenance Ends" sign that was put up at the entrance until at least July 2014 and found that until July 14, 2014, Salem Road was "an unmaintained single lane dirt road." The circuit court found that the maintenance records provided to the court, showed, at most, that Salem Road had been graded several times since

March 17, 2017, and that gravel had been placed on the road in 2019. The circuit court also found that Lonoke County had failed to provide any evidence other than maintenance records to show any grading took place prior to March 17 and failed to provide evidence that the ditches were also maintained. The circuit court found that none of the evidence submitted by Lonoke County supported its position that either the public or Lonoke County had acquired a prescriptive easement to Salem Road but that the Nippers did show documentation establishing a clear chain of title for the property. The circuit court also found that Lonoke County failed to meet the requirements of adverse possession: (1) no evidence the public used Salem Road as a throughfare for a period of seven years or more; (2) no evidence the public used Salem Road in a notorious, adverse, or under a claim of right for a period of seven years or more; (3) no evidence Lonoke County maintained Salem Road for the seven years prior to this lawsuit; (4) and no evidence that Lonoke County has maintained the adjacent ditches. In conclusion, in weighing the evidence, the circuit court found that Lonoke County did not present sufficient evidence to create a genuine issue of material fact regarding whether it had acquired any legal rights to any portion of Salem Road. In its conclusions of law, the circuit court found that Lonoke County improperly took the Nippers' property by declaring a public road through prescriptive easement. The circuit court vacated the September 16 order, found that the circuit court has jurisdiction over the Nippers' constitutional takings claim as it is their only adequate remedy available; found the Nippers ineligible for just compensation of property taken by a prescriptive easement; and declared Salem Road a private road "owned by them and them alone."

Summary judgment is to be granted by a circuit court only when it is clear there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Bugg v. Honey*, 2021 Ark. App. 393, 636 S.W.3d 359. On appeal, we determine if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

Summary judgment is not proper, however, when evidence reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Dodson v. Allstate Ins. Co.*, 365 Ark. 458, 231 S.W.3d 711 (2006). The object of summary judgment is not to try the issues but to determine whether there are any issues to be tried. *Id.* When there are genuine questions of material fact with regard to a party's intent, summary judgment is improper. *Bugg*, 2021 Ark. App. 293, 636 S.W.3d 359.

Lonoke County argues that the circuit court erred in granting the Nippers' motion for summary judgment because there were genuine issues of material fact present that precluded summary judgment. We agree. The warranty deed contained the following statement: "Grantors further convey the land located in the old Bethlehem road in the event the said road is closed." The warranty deed, along with the ten affidavits and other matters before the court provided by Lonoke County--when contrasted with the Nippers' affidavit and evidence--created a genuine issue of material fact with respect to the public or private nature of the road.

The affidavits supported Lonoke County's argument that Salem Road had, in fact, been a public road by way of prescription for many years. The determination of whether the use of a roadway is adverse or permissive is a question of fact. *Johnson v. Jones*, 64 Ark. App. 20, 977 S.W.2d 903 (1998). Where there is usage of a passageway over land, whether it be by permission or otherwise, if that usage continues openly for seven years after the landowner has actual knowledge that the usage is adverse to his interest or where the usage continues for seven years after the facts and circumstances of the prior usage are such that the landowner would be presumed to know the usage was adverse, then such usage ripens into an absolute right. *Fullenwider v. Kitchens*, 223 Ark. 442, 266 S.W.2d 281 (1954). Moreover, in *Neyland v. Hunter*, 282 Ark. 323, 668 S.W.2d 530 (1984), the supreme court held that a public prescriptive right-of-way can be established by the county working the road for a period of seven years. The affidavits presented by Lonoke County contained sworn testimony from road department employees stating they had maintained Salem Road for many years—far more than seven. Lonoke County also presented affidavits from local residents stating that the public had continuously used Salem Road for a period of far more than seven years. The affidavits presented by Lonoke County present a genuine issue of material fact regarding the length of time and the circumstances under which Salem Road was opened, maintained, and used. Viewing the evidence and all reasonable inferences to be drawn from that evidence in the light most favorable to Lonoke County, we hold there are genuine issues of material fact present and reverse the circuit court's order granting summary judgment in favor of the Nippers.

Lonoke County next argues that the circuit court erred in denying its motion for summary judgment and motion for partial dismissal because the circuit court did not have jurisdiction to hear the Nippers' "takings" claim.

On December 16, 2019, Lonoke County filed a motion for partial dismissal on the basis that the Nippers' complaint for unconstitutional taking is not actionable because the circuit court lacked subject-matter jurisdiction. We conclude that this is a moot point because in no event will the Nippers be entitled to any compensation for a taking. This was correctly set forth in the circuit court's order wherein the circuit court stated that it would be inappropriate for the Nippers to assert a claim for just compensation because the Nippers cannot receive compensation for property taken through prescriptive easement. The supreme court in *Johnson v. Wylie*, 284 Ark. 76, 679 S.W.2d 198 (1984), held that when property is acquired through a prescriptive easement, the property owner is not entitled to just compensation. The issue to be decided on remand is whether Salem Road is the Nippers' private road or whether the county has established a public prescriptive easement over the road, and in neither event will an unconstitutional taking have occurred or compensation be owing.

Not only did Lonoke County respond to the Nippers' motion for summary judgment, on February 27, 2020, Lonoke County also filed its own motion claiming it was entitled to summary judgment because the underlying deed expressly declined to convey Salem Road to the Nippers. Lonoke County asserted that there were no genuine issues of material fact in dispute and that Lonoke County--not the Nippers--was entitled to summary judgment.

Again, while the language in the deed relied on by Lonoke County constitutes some evidence of the nature of Salem Road, that language is not dispositive of the controversy as a matter of law, and there is a genuine issue of material fact regarding the public or private nature of Salem Road.

In conclusion, we reverse the grant of summary judgment in favor of the Nippers because there are genuine issues of material fact to be decided, and we remand for further proceedings consistent with this opinion.

Reversed and remanded; dismissed as moot in part.

KLAPPENBACH and HIXSON , JJ., agree.

*Jason Owens Law Firm, P.A.*, by: *Jason E. Owens*, for appellant.

*Quattlebaum, Grooms & Tull PLLC*, by: *Michael N. Shannon* and *S. Katie Calvert*, for appellees.