## ALLIED DRUG PRODUCTS CO. v. SEALE et al.

### No. 1336—5869.

Commission of Appeals of Texas, Section B.

May 16, 1932.

Clif Huggins, of Sherman, and Ocie Speer, of Austin, for plaintiff in error.

Cleo G. Miller, of Corsicana, for defendants in error.

LEDDY, J.

The honorable Court of Civil Appeals dismissed this cause upon the ground that plaintiff in error had no right of appeal because it was not a party to the injunction suit in the district court from which such appeal was sought to be prosecuted. 32 S.W.(2d) 390.

Plaintiff in error had obtained a final judgment against defendant in error J. Z. Seale in the justice court of Grayson County. It procured the issuance of an execution on said judgment and placed the same in the hands of the sheriff of Navarro county for service. Thereupon defendant in error applied for and obtained a temporary injunction from the district court of Navarro county restraining the sheriff from levying said writ of execution. Plaintiff in error was not made a party to this injunction proceeding. After the issuance and service of the writ of injunction upon the sheriff, plaintiff in error filed its appeal bond in an attempt to perfect an appeal from the order granting the temporary writ of injunction to the Court of Civil Appeals.

Plaintiff, in error contends that inasmuch as it was a necessary party to the injunction suit in the district court of Navarro county, it had the right to prosecute an appeal therefrom, notwithstanding it had not been served with citation, nor had it entered its appearance in the cause in which such injunction was issued.

We had occasion to consider this question in the case of Southern Surety Co. v. Arter (Tex. Com. App.) 44 S.W.(2d) 913, not yet reported [in State report]. After a thorough review of the authorities, the conclusion was there announced that where a statute gives the right of appeal to a "party" or a "party interested," only parties to the record, that is, those who have been served with citation, or have entered their appearance, are given the right of appeal from a judgment of the district court.

Plaintiff in error insists that its right to appeal, though not a party to the proceedings, is sustained by the decisions of the Supreme Court of this state in the cases of Moore v. Guest, 8 Tex. 117, and Ferris v. Streeper, 59 Tex. 312.

It must be conceded that the first case cited does sustain the plaintiff in error's contention, as in that case an appeal from a judgment of the district court annulling the probate of a will was considered, although the person appealing was not cited as a party, nor had he entered his appearance in the cause. The question of the right of appeal does not seem to have been raised or discussed by the court. However, in the later case of Ferris v. Streeper, above cited, the question of the right of one to appeal, who was not a party to the proceedings from which the appeal was sought to be taken, was squarely presented to the court, and it was distinctly held that only parties to the record can prosecute an appeal from the judgment of the district court.

It appears in that case that the plaintiff in error purchased certain property involved in the suit pending the litigation. After judgment was rendered in the trial court, he filed his motion for a new trial, setting up his interest in the property and alleging that he had been prevented from asserting his right pending the suit by reason of a fraudulent combination between the plaintiff and the defendant. The court, after hearing evidence adduced in support of the motion, overruled the same, and the appeal was prosecuted from that order.

In passing upon his right to appeal from the original judgment to which he was not a party, the court said: "As a general rule derivable from the various provisions of the statute regulating appeals, only parties to the record can exercise that right. The only exceptions to that general rule which now occur to us are those specially provided for in the following statutory provision: 'In case of the death of any party entitled to an appeal or writ of error, the same may be taken by his executor, administrator or heir.' This would at least indicate the legislative intent in this particular to confine the exercise of the right to the parties to the suit and those specially designated. It would also seem that it was the judgment of the legislature

that it was necessary to confer the express right upon the parties named, or else it could not be exercised by them."

It was expressly held by the court that the appellant in that case had no right through appeal to complain of any supposed errors committed on the trial of the cause between the original parties.

It appears that the court did give consideration to his appeal, but it was confined to the issues raised in his motion for a new trial, as is shown by this language of the court: "However, it was in accordance with the recognized practice in this state, to allow appellant, after the judgment was rendered, and at the same term, to assert his rights, and secure, if he could, a new trial, so as to have an adjudication upon his asserted rights."

It is thus seen that the only consideration given the party appealing in that case was upon issues presented by the motion for new trial, but which were not involved in the original trial. Under the express holding of the court, if such motion had not been made, his appeal from the original judgment would have been dismissed.

While Ferris v. Streeper did not expressly overrule the case of Moore v. Guest upon this point, this was its clear effect, as the cases cannot be reconciled in principle. And too, in the later case of Winston v. Masterson, 87 Tex. 200, 27 S. W. 768, the Supreme Court again construed the word "party," when used in connection with a suit, as being "one by or against whom a suit is brought; the party stated in the writ on the record." It was held that others who may be incidentally affected were persons interested but not parties.

We think the intention of the Legislature to limit the right of appeal in injunction cases to parties to the record is made manifest when we compare the wording of the statute allowing appeals in injunction cases with that of the statute which grants the right of appeal from judgments of the probate court. In the latter cases the right is not confined to parties, but it is allowed to any *person who may feel himself aggrieved by the judgment order or decree.* Had the Legislature intended to permit appeals in injunction cases by any one other than a party thereto, it could and doubtless would have made its purpose clear by using language similar to that granting the right of appeal in probate cases, instead of the more restrictive language confining that right to a "party" to the case. Article 4662, R. S. 1925.

From the earliest date the Legislature has adopted a different policy in regard to appeals in probate matters and those in ordinary civil cases. The act of 1848, article 553, Oldham & White's Digest of the Laws of Texas, confined the right of appeal in suits

from the district court to any party to a civil suit believing himself aggrieved, from the final judgment of the district court, etc. This law was in effect when the act of 1870, article 5783, Paschal's Digest, was adopted, which conferred probate jurisdiction upon the district court. As a part of the act it gave the right of appeal from the district court "in matters of probate" to "any person who may consider himself aggrieved by any decision, order, or judgment of the court." Later, when the jurisdiction in probate cases was taken away from the district court, the latter statute was repealed, and the same rule was applied to appeals in probate cases from the county court, it being provided that the appeal might be taken by "any person who might feel himself aggrieved," but the right of appeal in civil cases from the district court was confined to parties thereto.

When we consider the legislation through a long period of years granting the right of appeal, we are forced to the conclusion that the lawmaking body of this state has deliberately made a distinction between the right of appeal from probate orders and the judgments in civil cases. In the one the privilege has been extended to any person aggrieved by the decision, while in the other it is confined to a party to the record.

Inasmuch as the authorities are fully reviewed by us in the case of Southern Surety Company v. Arter, heretofore referred to, we deem it unnecessary to prolong the discussion upon this question.

We recommend that the judgment of the Court of Civil Appeals dismissing the cause for want of jurisdiction be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.