CRAIN *v.* ST. FRANCIS LEVEE DISTRICT.

4-3577

Opinion delivered October 8, 1934.

*Daggett & Daggett* and *Coleman & Riddick,* for appellant.

*Burk Mann, J. T. Coston* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

PER CURIAM. Appellee moves the court to dismiss the appeal herein for the following reasons: First, a summons was not served on it in apt time; second, J. H. Crain has no right to appeal because he was not a party to the suit in the lower court.

The second contention that J. H. Crain has no right to appeal because he was not a party to the suit in the lower court is predicated upon the following facts and circumstances. On December 8, 1933, appellant James Baker filed his complaint against appellee seeking injunctive relief. On the same day answer was filed by

appellee, and on the following day, December 9, the cause was submitted to the chancellor in vacation and a decree was entered dismissing the complaint for want of equity. This suit was instituted by Baker as a taxpayer of the levee district. Baker did not pray an appeal from the adverse judgment, and thereafter J. H. Crain, a taxpayer of the district, filed an intervention in said cause in his own behalf, and in behalf of all other taxpayers in the district praying that the cause be determined upon its merits and, in the event the decree could not be set aside, that he be permitted to appeal to the Supreme Court of this State. This intervention was never passed upon by the chancellor.

The appeal was afterwards perfected by Baker, but he moved its dismissal, and thereupon Crain asserted the right to prosecute the appeal in the place and stead of Baker.

Under the law, J. H. Crain has the same right to prosecute an appeal from an adverse judgment rendered in a taxpayer's suit that the original plaintiff had.

Section 1098 of Crawford & Moses' Digest provides: "Where the question is one of a common or general interest of many persons, or where the parties are numerous, and it is impracticable to bring them all before the court within a reasonable time, one or more may sue or defend for the benefit of all."

Following the rule stated above, we held in *Howard-Sevier Rd. Imp. Dist.* v. *Hunt,* 166 Ark. 62, 265 S. W. 517, that: "Since Kennedy and the others who instituted the original action attacking the validity of the assessment of benefits as a whole, which appellants are here seeking to enforce, represented the appellees and all the taxpayers and property owners of the district who were in the same class, it follows, from our statute and the above authorities, that the appellees were parties to that original action the same as if they had been made so by name."

From the rule thus stated, it appears that J. H. Crain, being a taxpayer of the district, was a party to the action as effectually as if he had been made so by name.

It is unnecessary for us to determine whether or not the summons has been served in apt time, because appellee, by appearing herein and bringing into question the capacity of Crain to maintain and prosecute this appeal, has entered its appearance generally and for all purposes. *Federal Land Bank* v. *Gladish*, 176 Ark. 267, 2 S. W. (2d) 696.

It follows from what we said that the motion to dismiss the appeal must be denied.