LIGHTLE v. KIRBY.

4-4784

Opinion delivered September 27, 1937.

*J. E. Lightle, Jr.*, for appellants.

*Gregory & Taylor*, for appellees.

SMITH, J. Street Improvement District No. 6 of the city of Searcy includes within its boundaries a portion of a street which is a part of the State Highway System, and on that account the improvement district received a contribution from the state of Arkansas under the provisions of act No. 11 of the Acts of the Special Session of 1934, p. 28.

Margaret Lightle owns lots in the improvement district abutting the state highway, and when the contribution to the improvement district was made she brought suit against the commissioners of the district, praying that they be required to devote the contribution to reducing the assessments of property in the district adjacent to the state highway. The commissioners of the district filed a demurrer to the complaint, which was overruled, and when they declined to plead further a decree was entered awarding the relief prayed. The date of this decree was May 31, 1935.

Thereafter, other owners of property in the district which does not abut on the state highway, who were

not parties to nor advised of the pendency of the Lightle suit, brought suit against the commissioners of the district, praying that the state's contribution to the district be applied to the reduction of the assessments of all the lots in the district proportionately. Miss Lightle intervened in this suit, and she and the commissioners of the improvement district pleaded the decree of May, 1935, in bar of this suit. The relief prayed was granted, and she and the commissioners of the district have appealed from this last decree, which, in effect, annuls the decree of May, 1935.

It is conceded that the decree of May, 1935, is erroneous, and that it was error to devote the state's contribution to the exclusive benefit of the lots abutting the state highway. In the recent case of *Jackson* v. *Foster*, 192 Ark. 712, 94 S. W. (2d) 113, which presented this exact question, it was held that the state's contribution should not be applied to the reduction of the taxes against the lands fronting on the state highway to the exclusion of lands that do not front on such highway, but should rather be applied to the proportionate reduction of the assessments of all the lands in the improvement district.

It is argued, however, that the decree of May, 1935, though erroneous, has become final, as no appeal was prosecuted from it within the time limited by law. The argument is that in this first suit, in which the commissioners were made defendants, they represented the district and all the property owners in it, and that the decree is *res adjudicata* of the right to grant the relief prayed in the second suit.

In support of this contention we are cited to cases like that of *Howard-Sevier Road Imp. Dist. No. 1* v. *Hunt,* 166 Ark. 62, 265 S. W. 517, where it was held that a decree in a suit by certain taxpayers, who had sued in their own right and on behalf of all other taxpayers, to have assessments in the improvement district declared invalid, is *res adjudicata* in another suit involving the same subject-matter, although the parties to the second suit were not named in the first. The opinion in

that case quoted § 1098, Crawford & Moses' Digest, which is to the effect that where the parties are numerous, and it is impossible to bring them all before the court within a reasonable time, one or more may sue or defend for the benefit of all.

Other cases are to the effect that the commissioners represent the district in their official capacity, and sue and are sued in that manner, and that all property owners in the district are bound by such suits. In other words, in suits which affect the whole district, in matters common to the whole district, the commissioners stand for this community of interests, and the taxpayers for whom and in whose interest they act are bound by such representation. *Crain* v. *St. Francis Levee District,* 189 Ark. 721, 74 S. W. (2d) 970; *Barney* v. *Texarkana,* 185 Ark. 1123, 51 S. W. (2d) 509; *Stevens* v. *Shull,* 179 Ark. 766, 19 S. W. (2d) 1018, 64 A. L. R. 1258; *Tri-County Highway Imp. Dist.* v. *Vincennes Bridge Co.,* 170 Ark. 22, 278 S. W. 627.

The first—or the Lightle suit—was not a case of that character. It was not, in fact, a suit for the district or against the district, nor was it a suit in which all the property owners had a common interest. There was no community of interests. On the contrary, the interests of the parties were highly antagonistic. The controversy was between two groups of property owners, and the relief prayed and granted in the first decree was to the effect that one group of property owners should be favored and the other excluded. This was not a case in which one group of property owners could represent all, because their interests were antagonistic and irreconcilable.

At § 9 of the chapter on Parties in 20 R. C. L., p. 669, there is a discussion of the doctrine of "Virtual Representation," or the right of certain members of a class to sue for and bind all others of that class without making them parties to the litigation. It was there said: "As an exception to the rule that all persons having an interest in the subject-matter of an equity suit must be made parties, the doctrine of 'virtual repre-

sentation,' which originated at an early date, recognizes the right of a few persons to sue for themselves and all others similarly situated. Under this doctrine, the persons who are not joined by name as parties are in a sense before the court. They have been called *quasi* parties, and have even been said to be parties in substance and legal effect. In all cases to which the doctrine of representation applies, there must be joined as parties persons who fairly represent the interest or right involved so that it may be tried fairly and honestly. It is sufficient if the parties before the court enable it fairly and fully to adjudicate the question involved. The parties represented must have a common interest with those before the court, and consequently the parties before the court cannot act as representatives if their interests are antagonistic to those who would be represented."

Only one relief was prayed in the first case, and that relief was unauthorized by law, this being to the effect that certain property owners be deprived of a benefit to which they were entitled. This was a question in which the improvement district, as such, was not interested. The court below was correct, therefore, in holding that the property owner who had asked and obtained this relief had not bound her adversaries through the doctrine of "virtual representation."

The decree of the court, awarding relief pursuant to *Jackson* v. *Foster, supra,* is correct, and is, therefore, affirmed.