CONNOR *v.* THORNTON.

4-7489                                184 S. W. 2d 589

Opinion delivered January 8, 1945.

*O. H. Sumpter,* for appellant.

*C. Floyd Huff, Jr.,* for appellee.

GRIFFIN SMITH, Chief Justice. Bert L. Connor and his wife, Vicie, sought to enjoin D. P. and R. E. Thornton from operating a sawmill on lands without the corporate limits of Hot Springs, an allegation being that because of proximity to their residence, value of the property and its utility as a home were impaired. The prayer was for abatement of the so-called nuisance, and for $2,000 to compensate damages. The complaint was dismissed on motion when the Court found as a matter of law that the plaintiffs were of a class, and that rights had been previously adjudicated.

Facts were that in 1942 and 1943 suits by parties then situated somewhat as appellants were when this action was brought resulted in decisions favorable to the Thorntons.[1]

In the Eddy-Thornton case it was sought to restrain erection and use of the mill because, as the plaintiffs alleged, its operation would necessarily be a nuisance. We sustained the Court's holding that a sawmill is not a nuisance *per se.*

---

[1] *Eddy* v. *Thornton,* 205 Ark. 843, 170 S. W. 2d 995.

In August, 1943, Ted Wynia and other home owners in the affected area [2] sued for sums ranging from $1,000 to $3,000, claiming that the mill (steam-driven) caused cinders, soot, and other substances to settle upon property of the plaintiffs; also that noise and vibration prevented peaceful enjoyment of the several homes.

In this action Bert L. and Vicie Connor were witnesses whose testimony was favorable to the plaintiffs. The jury's verdict, upon which judgment was rendered, was for the defendants. There was no appeal.

In dismissing the complaint it was expressly found that the Wynia-Thornton judgment bound the plaintiffs in this proceeding on the theory of virtual representation —the cause was *res judicata.*

The class suit [3] is an exception to the general rule in equity that all persons materially interested in the subject matter must be made parties in order that complete justice be done. See Story, Equity Pleadings, 10th ed., §§ 72, 94, 97 (1892). Rather than require all of a group to be brought into court, the effect and purpose of a class suit is to adjudicate the interests of absent parties through the representative who sues.

The question here is whether, in fact, the Circuit Court action was of a character sufficient in purpose and scope to reasonably inform the Connors that final determination of Thorntons' rights to operate the mill would be determined by the judgment to be rendered.

Appellees insist that because the Connors testified in the damage suit that they suffered inconveniences, it was their duty to join in that cause or be barred unless there were changed circumstances giving rise to a new cause of action.

It cannot be seriously contended that the decree in *Eddy* v. *Thornton* is *res judicata.* The mill had not then

---

[2] Plaintiffs in the Circuit Court action of 1943 included L. C. Eddy, who had unsuccessfully prosecuted the chancery action.

[3] Michigan Law Review, vol. 39, No. 5.

been erected. The only thing decided was that a sawmill is not a nuisance *per se.*

We think the Court erred in applying the virtual representation doctrine. No decision of ours dealing with a like matter has gone to the extent contended for by appellees.

American Jurisprudence, Vol. 30, § 228, p. 962 (after stating the general rule to be that no person is bound by judgment except those who are parties or who stand in privity with others who are parties), cites cases collected in the eleventh footnote as authority for the proposition that when one is virtually represented by record parties, a judgment in favor of the actual plaintiff representing a general class is *res judicata* as to the rights of others in that class. The fiction was one of common law cognizance. As was said in *Gavin* v. *Curtin,* 171 Ill. 640, 49 N. E. 523, 40 L. R. A. 776, there is a presumption that parties joined may be depended upon to bring forward the entire merits of the controversy as a protection to their own interests.

Determination of what is and what is not a class suit frequently presents difficulties. We are cited to *McCarroll, Commissioner,* v. *Farrar,* 199 Ark. 320, 134 S. W. 2d 561, where the principle stated in 15 Ruling Case Law, § 429, is quoted with approval—that a final judgment or decree rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, upon matters within its jurisdiction, is conclusive of the rights of the parties or their privies in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue in the first suit.

It will be observed that those bound under this rule are "parties or their privies"; but even so, there is frequently a broader application. Contra, *Lightle* v. *Kirby,* 194 Ark. 535, 108 S. W. 2d 896. We have not the same situation here that was presented in the McCarroll-Farrar appeal where constitutionality of a statute was involved.

The Wynia suit, insofar as it concerned those adversely affected by operation of the mill, did not purport to be for the benefit of a class. In the very nature of things, there would have been difficulty in prosecuting it as such, because values of the several properties were different, distances from homes to the mill varied, and damage would probably be in ratio to proximity of the property to the mill, with consideration for investments of those who complained. There was no prayer in Circuit Court that the Thorntons be enjoined; only that they respond in damages.

A holding in *Hansberry et al.* v. *Lee et al.,* 311 U. S. 32, 61 S. Ct. 115, 85 L. Ed. 22, 132 A. L. R. 741, is that "where the interest of persons not joined as parties are of the same class as the interests of those who are joined and where it is considered that the latter fairly represent the former in the prosecution of the litigation of the issues in which all have a common interest, the court will proceed to a decree."

A question in the Hansberry case was whether the Fifth and Fourteenth Amendment to the Federal Constitution were transgressed by a state court holding that certain persons were bound by the judgment below, although they were not made parties to the proceeding." "One is not," says the opinion, "bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process. A judgment rendered in such circumstances is not entitled to the full faith and credit which the Constitution . . . prescribes, . . . and judicial action in enforcing it against the person or property of the absent party is not that due process which the Fifth and Fourteenth Amendment require."

It was then said that to these general rules there is a recognized exception that, to an extent not precisely defined by judicial opinion, the judgment in a "class" or "representative" suit, to which some members of the class are parties, may bind members of the class or those represented who were not made parties to it.

The following pertinent comment was made by Mr. Justice STONE (now Chief Justice) who wrote the opinion of the Court:

"The class suit was an invention of equity to enable it to proceed to a decree in suits where the number of those interested in the subject of the litigation is so great that their joinder as parties in conformity to the usual rules of procedure is impracticable. Courts are not infrequently called upon to proceed with causes in which the number of those interested in the litigation is so great as to make difficult or impossible the joinder of all because some are not within the jurisdiction or because their whereabouts is unknown or where if all were made parties to the suit its continued abatement by the death of some would prevent or unduly delay a decree. In such cases where the interests of those not joined are of the same class as the interests of those who are, and where it is considered that the latter fairly represent the former in the prosecution of the litigation of the issues in which all have a common interest, the court will proceed to a decree."

While it is unfortunate that a decree involving persons who have for the third time been required to defend must be set aside, we are not willing to say that plaintiffs in the Circuit Court action (which was not designated a class suit) were acting for all property owners in the affected area. It is in evidence that a single lot and street separated appellants and the mill.

Because the complaint was dismissed on motion, the decree must be reversed, with directions to proceed to trial.

Mr. Justice FRANK G. SMITH dissents.