## KUNKEL v. RED RIVER NAT. BANK IN CLARKSVILLE.

No. 6276.

Court of Civil Appeals of Texas. Texarkana.
April 24, 1947.

Rehearing Denied May 1, 1947.

A. L. Burford and Shelburne H. Glover, both of Texarkana, for appellant.

O. B. Fisher, of Paris, for appellee.

WILLIAMS, Justice.

J. A. Kunkel, a highly respectable and prosperous citizen, an honest victim of the economic collapse following World War I, upon his voluntary petition was adjudged a bankrupt in 1929, receiving his discharge in bankruptcy in March, 1930. Various claims aggregating around $140,000 were filed and approved in the bankrupt estate, which included the claim for $38,809 of the Red River National Bank, Clarksville, Texas, herein referred to as the bank. The assets paid an insignificant dividend.

Through the services of attorneys employed by Mr. Kunkel in 1940, ten years after his discharge in bankruptcy, they in the spring of 1941 secured the passage of a special act of the Texas Legislature, whereby the Commissioners' Court of Red River County was authorized to reimburse Mr. Kunkel by the issuance of warrants for funds he claimed to have advanced and used in the construction of a public road in the county during the years 1919 to 1922. Shortly after the passage of the special act, the bank on May 3, 1941, filed its petition in the United States District Court wherein it alleged (as a creditor of the bankrupt estate of J. A. Kunkel), that the debt, about to be paid by the issuance of the warrants, was a part of the bankrupt estate not administered in the bankruptcy proceedings, and prayed that the bankruptcy matter be reopened so that a full and complete administration of the estate be had. A temporary restraining order was issued the same day whereby the commissioners' court was enjoined from issuing the warrants and Mr. Kunkel from assigning or hypothecating his debt against the county to any person whomsoever.

Pursuant to a written agreement entered into May 10, 1941, and a joint motion filed the same day, the restraining order was set aside and dissolved. In compliance with further provisions of the agreement, the warrants later issued were sold and the proceeds deposited in the Liberty National Bank, as trustee, pending the final determination of the rights of the parties to receive the proceeds. June 30, 1941, pursuant to a written agreement executed by the litigants, the trustee bank paid to the Red River National Bank $3,130 out of the proceeds from the sale of the warrants and Mr. Kunkel and his attorneys the remainder. An assignment executed by the bank on the same date which recites a consideration of $3,130 paid by Mr. Kunkel assigned to the latter all rights, title and interest of the bank in its claim theretofore filed in the bankrupt court, together with all the rights

and claims of the bank in and to any assets in said bankrupt estate. The bank's motion filed on the same day to dismiss its motion to have the bankruptcy proceedings reopened was refused by the United States District Court. Other creditors intervened and through the action of a referee and trustee litigated the effort to reopen the bankruptcy estate and to have the debt being collected by Mr. Kunkel administered and distributed as a part of the bankrupt estate. It appears that later, in April, 1946, after an appeal, the litigation so pushed by intervenors terminated by a decree which held that the claim allowed by the county was no part of the bankrupt estate.

In the instant suit filed by appellant J. A. Kunkel, against the Red River National Bank in Clarksville, Texas, defendant below, he sought a recovery of the $3,130 paid to the bank under the circumstances above detailed, grounded on his claim that he was acting under duress when he agreed to such a settlement. It was his contention under his testimony that at the time he signed the agreement of settlement (quoting from appellant's brief) "that nobody connected with the bank forced him to sign the agreement; that he did so after much consideration and upon the advice of his attorneys then representing him, and others, that due to his age and poverty, it would probably be the only way that he could ever realize the benefit of the proceeds due him; that he was then nearly seventy-five years of age, flat broke and had no money to fight it, and it looked like it was the only way I would get anything out of it, and I signed it unwillingly and under protest."

In response to special issues, the jury found that Mr. Kunkel was acting under duress when he agreed to the distribution of the funds by the trustee, under which he paid the defendant the $3,130; that such duress "was the result of the action pending in the United States District Court, brought by the defendant to reopen the bankrupt estate of Mr. Kunkel"; and that defendant at the time it filed above mentioned action believed in good faith that the funds in controversy belonged to or was a part of said bankrupt estate. Mr. Kunkel appeals from a take nothing judgment and under the points presented asserts the court erred in refusing to enter judgment for him for the $3,130 paid to the bank under the settlement because the finding of the jury that defendant had acted in good faith in bringing the action constituted no defense to his cause of action.

In support of this position, appellant cites Perkins et al. v. Adams, et al., 17 Tex.Civ. App. 331, 43 S.W. 529; Caldwell v. Auto Sales & Supply Co., Tex.Civ.App., 158 S.W. 1030; and Lonergan et al. v. Buford, 148 U.S. 581, 13 S.Ct. 684, 37 L.Ed. 569, all of which reaffirm the doctrine, not applicable to the record here, that "where one party has possession or control of the property of another, and refuses to surrender it to the control and use of the owner, except upon compliance with an unlawful demand, a contract made by the owner under such circumstances to emancipate the property is to be regarded as made under compulsion and duress." 17 Am.Jur. p. 877, Sec. 6; 10 T.J., p. 73.

Appellee's exception to the definition of "duress" as given in the charge, its motion for an instructed verdict and its motion for judgment upon the verdict of the jury were predicated upon the well established general rule, applicable to the facts of this record, "that it is not duress to institute or threaten to institute civil suits or take proceedings in court, or for any person to declare that he intends to use the courts wherein to insist upon what he believes to be his legal rights." 17 Am.Jur. p. 892, Sec. 17; 17 C.J.S. Contracts § 172, p. 532; 10 T.J. p. 76, Sec. 44; Dannelley v. Bard, Tex.Civ.App., 62 S.W.2d 301, 308, writ refused, and cases there cited; Cleburne State Bank et al. v. Ezell, Tex.Civ. App., 78 S.W.2d 297, 299; Ward v. Scarborough, Tex.Com.App., 236 S.W. 434, 437; Cameron County Water Improvement Dist. No. 1 v. Cameron County Water Improvement Dist. No. 15, Tex.Civ.App., 134 S.W.2d 491, 492. The jury has found that the bank acted in good faith in the institution of its litigation in the United States District Court. This finding is not attacked as being without support in the evidence.

The judgment will be affirmed.