King *v.* Hill.

5-1252                                    301 S. W. 2d 9

Opinion delivered April 22, 1957.

*Wiley A. Branton,* for appellant.

*John Harris Jones,* for appellee.

George Rose Smith, J.  Two separate suits against the appellee, George W. Hill, were consolidated by the court below for the purpose of passing upon the defendant's plea of *res judicata* in each case.  The chancellor sustained the plea in both cases and dismissed the complaints without a trial on the merits.  The plaintiffs in each suit have appealed.

In one of the complaints Thomas W. Morgan and his wife assert that they own two lots in Jefferson county, that Hill owns the property lying north of the plaintiffs' lots, and that Hill is encroaching on the Morgans' land by maintaining thereon a butane gas tank and a portion of a fence that extends across the boundary line between the two tracts.  The plaintiffs ask that Hill be required to remove the encroachments and to respond in damages for his wrongful use of the plaintiffs' land.

To this complaint Hill pleads as *res judicata* the decree that was affirmed by this court in *Morgan* v. *Hill*, 224 Ark. 39, 272 S. W. 2d 67. That was also a dispute between these two neighbors. There, however, Morgan asserted in his complaint that the two tracts were separated by a public road and that Hill was maintaining fences and other obstructions in the public thoroughfare. Hill denied the existence of the alleged public street and successfully contended that he had title by adverse possession to the land within his fences.

We agree with the chancellor's conclusion that Morgan's present complaint against Hill presents essentially the same issues that were involved in the earlier litigation between these parties. Although Morgan averred in the first case that a public street lay between the two properties, Hill denied this assertion and insisted that the parties were really adjoining landowners. According to the transcript in that case, which was considered at the hearing below, Hill testified in the former litigation that his land extended clear over to Morgan's property, that a fence separated the two, and that the butane gas tank owned by Hill was located on his side of the line. Thus Hill defended and won the prior case upon the theory that only a private boundary line was involved and that he owned the land on his side of the fence that marked the boundary. By his present complaint Morgan concedes that the parties are adjoining landowners, but he contends that the division fence is on his side of the true boundary line. It is evident that this question—the correct location of the boundary between the two tracts—was within the issues presented by the former case and is therefore not open to re-examination. *Timmons* v. *Brannan*, 225 Ark. 220, 280 S. W. 2d 393. On this branch of the case the decree is affirmed.

The other complaint now before us was filed by Love King and others. These plaintiffs allege that they own property fronting on Thirty-second Street, that certain of Hill's fences and a part of his residence encroach upon the street, and that the plaintiffs have suffered special damages as a result of the interference with public trav-

el. The prayer is that Hill be required to remove the obstructions complained of. This is the same grievance that Morgan asserted in his first suit against Hill. Hill contends, and the chancellor held, that the earlier case was in effect a class suit on the part of Morgan and that the present plaintiffs, as members of the class, are therefore concluded by the prior decree.

This contention is not sound. We may concede, without having to decide, that Morgan, had he chosen to do so, might have brought a class suit on behalf of himself and everyone else whose rights were affected by Hill's encroachments upon the public street. But Morgan did not frame his complaint on that theory. He did not purport to act for anyone except himself, which negatives the suggestion that his suit was a representative one. Rest., Judgments, § 86, Comment b. Morgan alleged that he had suffered special injury from Hill's conduct; without that allegation he would have had no standing in court. *Ruffner* v. *Phelps*, 65 Ark. 410, 46 S. W. 728. As far as the earlier complaint disclosed, Morgan was asserting only a cause of action personal to him. Had his neighbors examined that complaint they would not have been pointedly informed that the litigation was to afford them their only day in court.

Hill argues that since a decree in Morgan's favor, requiring the removal of the obstructions in the street, would have afforded the plaintiffs the same relief they now seek, the earlier suit should be treated in substance as a class action. It is said that Hill should not be required to defend more than one suit involving the same fact situation. This argument was rejected, in similar circumstances, in *Connor* v. *Thornton*, 207 Ark. 1113, 184 S. W. 2d 589. There one inhabitant of a residential area had unsuccessfully brought suit to enjoin the operation of a sawmill, asserting it to be a nuisance. Later on other residents unsuccessfully brought an action for damages said to have been caused by the operation of the mill. In still a third suit the owners of the mill contended that the prior cases, though not representative in form, should be treated as class actions binding all in-

habitants of the area. In denying this contention we said: "While it is unfortunate that a decree involving persons who have for the third time been required to defend must be set aside, we are not willing to say that plaintiffs in the Circuit Court action (which was not designated as a class suit) were acting for all property owners in the affected area." It follows that King and his coplaintiffs are not concluded by the earlier decree in favor of Hill. With respect to these appellants the decree is reversed and the cause remanded for further proceedings.

HARRIS, C. J., disqualified and not participating.