CONTINENTAL CASUALTY COMPANY, Petitioner,

v.

Jesus HUIZAR et al., Respondents.

No. C-4765.

Supreme Court of Texas.

Nov. 25, 1987.

Stephen D. Susman, Evelyn Jo Wilson, Robert A. Rowland, III, Susman, Godfrey & McGowan, Houston, for petitioner.

Charles C. Frederiksen, Haynes & Boone, Dallas, Frank Herrera, Damon Ball, San Antonio, John E. Lewis, Lewis, Pettitt & Skaggs, McAllen, W. James Kronzer, Houston, for respondents.

WALLACE, Justice.

The issue in this case is whether an insurance carrier has the right to conduct further litigation of a suit brought by third parties against its insured, after the insured has entered into a covenant not to execute with the third parties and successfully moved for the dismissal of its appeal from a judgment in excess of policy limits. In an unpublished opinion, the court of appeals dismissed the appeal of the insured and thereby denied the purported right of the insurer to further pursue the appeal. On the facts of this case, we hold that the right, if any, of the insurance carrier was waived by the voluntary payment of policy limits to the third parties. Accordingly, we dismiss the cause as moot.

Seferina Huizar died as a result of a collision with a gate or barrier at Edinburg High School, and her heirs brought a wrongful death action against the school

district and SHWC, Inc., an architectural firm. After a jury trial, the trial court rendered judgment in the amount of $5,063,141.75 in favor of the Huizars, and SHWC appealed. SHWC and the Huizars subsequently filed a joint motion in the court of appeals, requesting that the court dismiss SHWC's appeal "with prejudice". Continental Casualty, Company (Continental), SHWC's liability insurance carrier, filed an opposition to this motion. The court of appeals granted the joint motion of SHWC and the Huizars, and dismissed the appeal.

■ Continental is not a formal party to this suit. Generally, only parties of record may exercise a right of appeal. *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965). However, Continental alleges that as the liability insurance carrier of SHWC, Inc., it should be permitted to pursue the appeal because it is the real party in interest to the extent that it may ultimately become liable to pay under the policy. It argues that as a practical matter, the judgment rendered against SHWC, Inc. was a judgment rendered against Continental to the extent of policy limits, and that it is adversely affected by the judgment to that extent.

■ We need not decide whether, on this record, Continental has demonstrated a sufficient justiciable interest to entitle it to appellate review of the judgment. Continental's only claim is that it was adversely affected by the judgment *to the extent of the policy limits.* However, Continental has conceded that on September 20, 1985, it paid the Huizars the sum of $953,399.15, *an amount equal to the policy limits* plus interest at 10% from the date of the judgment to the date of payment. Continental attempts to downplay the importance of this fact by adding that the payment was made "under protest."

Even if we accepted Continental's premise that the judgment was in effect a judgment against *it* for policy limits, under these facts we must hold that dismissal of the appeal was appropriate. In *Highland Church of Christ v. Powell,* 640 S.W.2d 235 (Tex.1982), we stated as follows:

It is a settled rule of law that when a judgment debtor voluntarily pays and satisfies a judgment rendered against him, the cause becomes moot. *Employees Finance Co. v. Lathram,* 369 S.W.2d 927, 930 (Tex.1963). He thereby waives his right to appeal and the case must be dismissed. [citations omitted].

*Id.* at 236. The mere fact that a judgment is paid "under protest" will not prevent the case from becoming moot upon payment. *Id.* In *Highland Church,* we did recognize that a payment under duress during the pendency of an appeal would not render the appeal moot. *Id.* at 237. There is no evidence of duress here. The only indication that Continental was under pressure to pay is the fact that the Huizars had instituted a direct action against it for the amount of policy limits. A threat to institute a civil suit or even the actual institution of suit does not, as a matter of law, constitute duress. *Eggleston v. Humble Pipe Line Co.,* 482 S.W.2d 909, 916 (Tex. Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.); *Kunkel v. Red River Nat'l Bank in Clarksville,* 202 S.W.2d 962, 963 (Tex.Civ.App.—Texarkana 1947, writ ref'd). On these facts, we are unable to conclude that the payment of policy limits to the Huizars was anything but voluntary.

The cause is dismissed as moot.

KILGARLIN, J., files a concurring opinion.

GONZALEZ, J., files a dissenting opinion joined by HILL, C.J.

KILGARLIN, Justice, concurring.

I concur in the court's decision to deny Continental Casualty Company the right to maintain the appeal of the trial court's judgment against SHWC, Inc. My purpose in writing this concurring opinion is to take issue with the dissent's position that a right to pursue the appeal exists under the doctrine of virtual representation.

It has long been the law in this state that an appeal or a writ of error "can only issue at the instance of a party to the suit, or of one whose privity of estate, title or interest appears from the record of the cause in the

court below, or who may be the legal representative of such party." *Wood v. Yarbrough*, 41 Tex. 540, 542 (1874), citing *Smith v. Gerlach*, 2 Tex. 424, 426 (1847).

A leading case, *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.1965), cites examples of situations in which the first *Smith v. Gerlach* exception exists. Those are principally cases in which rules or statutes confer some special status to a person not a party to a lawsuit, e.g., the power of an executor or administrator to represent the beneficiaries of a will in certain instances. *See Specia v. Specia*, 292 S.W.2d 818 (Tex.Civ. App.—San Antonio 1956, writ ref'd n.r.e.) (non-party to a will contest permitted right to appeal pursuant to Tex.R.Civ.P. 359); *Allied Drug Products Co. v. Seale*, 49 S.W.2d 704 (Tex.Comm'n App.1932, judgm't adopted) (legislature has adopted different policy in regards to probate appeals from those in ordinary civil cases).

In *Mason v. Mason*, 366 S.W.2d 552 (Tex. 1963), while not expressly addressing the right of a non-party to appeal, this court held that a suit to cancel an instrument creating a trust could be brought against the trustee alone, without joining the beneficiaries of a trust. Again, statutory powers of the trustee served as a basis for concluding that beneficiaries of a trust, although not named in a lawsuit, could be bound by a judgment. But, in those cases allowing appeal by beneficiaries of trusts or wills who were not parties in the lawsuit below, their interest must be reflected in the record. *Jernigan v. Jernigan*, 677 S.W.2d 137 (Tex.App.—Dallas 1984, no writ) (beneficiaries not named as parties were entitled to appeal when trust assets were invaded, and their interest in the trust was reflected by the record of the case).

The second exception for allowing non-party appeals set forth in *Smith v. Gerlach* is that of legal representatives.

It is clear that, in any case in which the doctrine of representation is held to be applicable, the 'represented' individual is bound by a judgment rendered in a case to which he is not party. When a non-party is allowed to challenge a judgment, the decision to allow him the right to appeal is grounded on the fact that, because of the doctrine of representation, he is bound by the judgment.

*Grohn v. Marquardt*, 487 S.W.2d 214 (Tex. Civ.App.—San Antonio 1972, writ ref'd n.r. e.). In *Grohn*, a suit against an estate only did not bind heirs of the estate, because the statute required them be named as parties. Similarly, in *California and Hawaiian Sugar Co. v. Bunge Corp.*, 593 S.W.2d 739 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), a wharf and grain elevator operator sued a steamship agent for wharfage fees. The sugar company, owner of a vessel for which fees were charged, sought to appeal, claiming it had been "represented" by its agent. The appeal was rejected because an agency agreement was insufficient to show that the sugar company would be bound by the judgment. *California and Hawaiian Sugar Co.* categorizes three exceptions to the general rule that only parties may appeal: (1) class actions; (2) will contests; and (3) suits wherein the parties come under the doctrine of virtual representation.

In its original sense, "representation," or as it is sometimes called, "virtual representation," was limited to situations involving class actions, where the class was represented by a named party in the lawsuit, and would be bound by a judgment in that suit. *Lightle v. Kirby*, 194 Ark. 535, 108 S.W.2d 896 (1937); 20 R.C.L. *Parties* § 9, p. 669. Also, *Gunn v. Cavanaugh* states "[a] person who is a party under the doctrine of virtual representation (Rule No. 42) may also appeal." 391 S.W.2d at 725. (Tex.R.Civ.P. 42 is our rule pertaining to class actions.) *Gunn* utilizes *Robertson v. Blackwell Zinc Co.*, 390 S.W.2d 472 (Tex. 1965), as an example of class actions constituting virtual representation. Obviously, the case at bar involves neither a class action nor a suit involving wills or trusts.

Therefore, if SHWC "represented" Continental Casualty, as the dissent contends, it must be under some theory other than class action or a statutorily imposed status such as a trust beneficiary or devisee of a decedent's estate. An affirmative answer to three questions is required for Continen-

tal Casualty to have the right to pursue the appeal.

First, is Continental Casualty bound by the judgment against SHWC? The answer, without further litigation, is clearly "no," as Continental Casualty openly asserts a policy defense of "non-cooperation." Additionally, other instances exist when insurance carriers are not automatically bound by judgments against their insureds. Such devices as "non-waiver" agreements are sometimes utilized by insurance companies, whereby an insured authorizes its carrier to conduct a defense without consenting to liability. *See Utilities Ins. Co. v. Montgomery,* 134 Tex. 640, 138 S.W.2d 1062 (1940).

Second, does Continental Casualty's privity of estate, title or interest appear from the record of the cause in the trial court? The answer is again "no." A search of the three volumes of transcripts reveals no mention of Continental Casualty Company, much less any reflection of its privity of interest, such as an insurance contract. Continental Casualty has not filed a statement of facts with this court, nor was one filed in the court of appeals.

Third, is there an identity of interest between Continental Casualty and SHWC, a requirement mentioned in *Industrial Generating Co. v. Jenkins,* 410 S.W.2d 658 (Tex.Civ.App.—Austin 1967, no writ)? Obviously there is no identity of interest, as Continental Casualty is clearly contemplating litigation *against* SHWC.

The dissenting opinion relies upon three decisions as authority for the argument that Continental Casualty should be permitted to maintain SHWC's appeal. While conceding that none of those decisions uses the term "virtual representation," the dissent nevertheless maintains that *Massachusetts Bonding & Insurance Co. v. Orkin Exterminating Co.,* 416 S.W.2d 396 (Tex.1967), *American Indemnity Co. v. Fellbaum,* 114 Tex. 127, 263 S.W. 908 (1924), and *American Fidelity and Casualty Co. v. Williams,* 34 S.W.2d 396 (Tex. Civ.App.—Amarillo 1930, writ ref'd), would allow Continental Casualty the right to proceed. I would simply point out that each of the three cases relied upon by the dissent involved actions *after* the insured's liability had been conclusively litigated, which, of course, is not the situation in this case.

Preventing Continental Casualty from continuing this appeal does not mean it is totally without right of redress. It still has its policy defense suit based on non-cooperation. Of course, were Continental Casualty a party to the lawsuit, it would have the right of appeal. However, direct actions against insurance companies must come by legislative authorization. It is the legislature that has bestowed on the Insurance Commission the power of approval of "no action" clauses in standard insurance policies. Those clauses contractually prohibit insurance companies from being named as parties in suits against their insureds. Additionally, such laws as Tex.Rev.Civ.Stat. Ann. art. 911b prevent direct actions against insurance companies in suits involving motor carriers. Any rule of procedure or rule of evidence promulgated by this court prohibiting direct actions or mention of insurance in trials is only as a result of prior legislation.

GONZALEZ, Justice, dissenting.

I dissent. I would hold that the insurer has standing to appeal an adverse judgment against its insured under the doctrine of virtual representation even though the insured chooses to settle with the claimant/judgment creditor and dismisses its respective interest in the appeal.

*Waiver—Right to Appeal*

The court does not reach the question of Continental's standing to appeal the adverse judgment against its insured, SHWC; rather, the court holds that whether or not Continental had standing to appeal, that such right was waived by Continental's voluntary payment of the policy limits to the plaintiff, Huizar. The court says that Continental has waived its rights, if any, because it admits payment; yet the court chooses to disregard Continental's explanation that their payment was not voluntary.

In concluding that the present record is insufficient for us "to conclude that the

payment of the policy limits to the Huizars was anything but voluntary," p. 430, the court purports to follow *Highland Church of Christ v. Powell*, 640 S.W.2d 235 (Tex. 1982). This was a suit to determine the validity of ad valorem taxes assessed on an office building owned by the church. The record showed that the church paid the judgment on the disputed taxes to prevent the taxing authorities from taking steps to collect the taxes before the appeal was determined. Among other things, the church asserted that the payments were not made voluntarily but were made under implied duress. The church paid the judgment to avoid the resulting embarrassment should execution issue. The court of appeals reversed the judgment of the trial court and dismissed the cause as moot after the church paid the judgment rendered against it. The supreme court, in a unanimous opinion, reversed the judgment of the court of appeals and remanded the cause to that court for determination of the merits of the appeal. The court held that the payment of a judgment which is apparently voluntary does not waive one's right to appeal if, under the facts of the case, duress may fairly be implied.

The duress brought to bear on Continental by the settlement between its insured and the plaintiff was certainly the equal of that faced by the appellant in *Powell*. In this settlement, SHWC agreed to dismiss its appeal and assign a major part of any claims it might have against Continental to Huizar in return for Huizar's covenant not to execute. Huizar and SHWC then initiated an action against Continental alleging claims under the *Stowers* doctrine, *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex.Comm'n App.1929, holding approved), and the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.41 et seq. (Vernon Supp.1987).

I have no quarrel with the rule that voluntary payment of a judgment moots an appeal, but such payment must actually settle the controversy between the parties. *Padgitt v. Young County*, 111 Tex. 98, 229 S.W. 459 (1921). It seems unreasonable to conclude that Huizar has taken the policy limits in settlement of its judgment against the insured. If it has, then indeed the present appeal is moot as is the *Stowers* /DTPA claims presently pending in Hidalgo county.

In *Powell*, the court discussed the basis underlying the voluntary payment rule:

The basis for this rule is to prevent a party who has freely decided to pay a judgment from changing his mind and seeking the court's aid in recovering the payment. A party should not be allowed to mislead his opponent into believing that the controversy is over and then contest the payment and seek recovery. Voluntary payment ends the controversy, and appellate courts will not decide moot cases involving abstractions.

640 S.W.2d at 236. Here, no one has been misled into believing that Continental's payment under protest ended the present controversy. In holding that the present appeal is moot, the majority has merely shifted the issues which might have been resolved in the present appeal, such as the liability of the insured, to another forum, the subsequently filed *Stowers* /DTPA suit.

*Plasky v. Gulf Ins. Co.*, 160 Tex. 612, 335 S.W.2d 581 (1960) indicates that had Continental simply tendered the policy proceeds into the registry of the court, rights to appeal would have been unaffected. Because Huizar's acceptance of the policy proceeds here apparently does not end the controversy between the parties, I would hold that Continental's tender of the policy proceeds, under protest, but at the direction of the insured, likewise does not moot its right to appeal.

### Virtual Representation

Because Continental was not a named party at trial, there remains the issue of Continental's standing to continue the present appeal. As the court notes, a right of appeal is generally available only to parties of record. I submit, however, that Continental is entitled to pursue the present appeal under the equitable doctrine of virtual representation. It is undisputed

that Continental, although not named as a party, provided and controlled the defense of its insured, SHWC. Continental and SHWC further share an identity of interest with regard to the liability of SHWC and the insurance fund created by the contract of insurance existing between them. Finally, we have previously recognized that an insurer who controls the defense of its insured is a real party in interest and as such is bound by the material issues determined in the action against its insured. *Massachusetts Bonding & Insurance Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396 (Tex.1967); *American Indemnity Co. v. Fellbaum*, 263 S.W. 908 (1924); *American Fidelity & Casualty Co. v. Williams*, 34 S.W.2d 396, 404 (Tex.Civ.App.—Amarillo 1930, writ ref'd).

Although not mentioned by name in these cases, the doctrine of virtual representation is applied to bind the insurer to the liability findings against its insured. Application of the doctrine here is closely related to principles of res judicata, or more precisely, collateral estoppel. This relationship is explained as follows:

> The strict rule that a judgment is operative, under the doctrine of res judicata, only in regard to parties and privies, is sometimes expanded to include as parties, or privies, a person who is not technically a party to a judgment, or in privity with him, but who is, nevertheless, connected with it by his interest in the prior litigation and by his right to participate therein, at least where such right is actively exercised by prosecution of the action, employment of counsel, control of the defense, filing of an answer, payment of expenses or costs of the action, the taking of an appeal, or the doing of such other acts as are generally done by parties.

46 Am.Jur.2d, *Judgments*, § 535 (1969).

As applicable here the doctrine is probably best explained in the Restatement (Second) of Judgments. It provides that a person who is not a party to an action but who nevertheless actually controls the presentation on behalf of a party is bound by a determination of issues decided as though

he were a party. *Restatement (Second) of Judgments* § 39 (1982). Control means that the unnamed party has the "effective choice as to the legal theories and proofs to be advanced in behalf of the party to the action" and *"the opportunity to obtain review." Id.* at comment c (emphasis supplied). Application of § 39 is further subject to the exceptions that govern issue preclusion as it applies to a party. *Id.* at comment b. The pertinent exception provides:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; ....

*Restatement (Second) of Judgments* § 28(1) (1982).

If Continental does not have the right to appeal, it is not truly in control of the defense of its insured and cannot be bound to the issues found in favor of Huizar against the insured. *American Indemnity Co. v. Fellbaum*, 263 S.W.2d at 910; *American Fidelity & Casualty Co. v. Williams*, 34 S.W.2d at 404; *Restatement (Second) of Judgments* §§ 28, 39 (1982). It is, after all, Continental's exclusive control of the defense of its insured which is a predicate for the *Stowers* claim subsequently filed against Continental by SHWC and Huizar.

It would be more economical and expeditious to simply recognize Continental as a real party in interest under the doctrine of virtual representation, as we have done before, and allow it to prosecute the appeal. If, however, Continental is a stranger to the appeal and has no standing, then relitigation of the liability issues in an action in which Continental is a named party will be necessary before the insurance company may be bound.

For the above reasons, I would reverse the judgment of the court of appeals, and remand the cause to the court of appeals

with directions to allow Continental's intervention for the purpose of consideration of the merits of the appeal.

HILL, C.J., joins in this dissenting opinion.