# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00749-CV

**Bank of America, N.A., Appellant**

**v.**

**Travis County, Austin Independent School District, City of Austin, Travis County Healthcare District d/b/a Central Health, and Austin Community College, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. D-1-GV-11-001985, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Bank of America, N.A., (Bank of America) has filed a notice of restricted appeal from a judgment granted in favor of Travis County and four other taxing entities[1] (collectively, Travis County). The judgment from which Bank of America attempts to appeal is against "The Austin National Bank, Austin, Texas, (n/k/a Bank of America, Texas, N.A.) Testamentary Trustee of the Estate of Hugo A. Auler, Deceased" (Defendant). The judgment orders the Defendant to pay Travis County $2,060.83 in delinquent ad valorem property taxes, penalties, interest, and attorney's fees owed on a piece of property located in Travis County and imposes a statutory lien against the property for the amount awarded in the judgment. Bank of America filed a notice of restricted appeal seeking reversal of the judgment.

---

[1] Austin Independent School District, City of Austin, Travis County Healthcare District d/b/a Central Health, and Austin Community College.

Bank of America (as distinguished from "Bank of America, Texas, N.A.") was not a party to this suit. Generally, only parties to an action have standing to appeal. *Continental Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987); *Johnson v. Johnson*, 841 S.W.2d 114, 115 (Tex. App.—Houston [14th Dist.] 1992, no writ); *see Tri-State Salvage Co. v. City of El Paso*, No. 08-08-00250-CV, 2009 WL 641300, at *1 (Tex. App.—El Paso Mar. 12, 2009, no pet.) (mem. op.). An appeal "can only issue at the instance of a party to the suit, or of one whose privity of estate, title or interest appears from the record of the cause in the court below, or who may be the legal representative of such party." *Huizar*, 740 S.W.2d at 430-31 (Kilgarlin, J., concurring) (quoting *Wood v. Yarbrough*, 41 Tex. 540, 542 (1874)). Bank of America does not purport to be the legal representative of the Defendant, and nothing in the record indicates that it is.

The privity prong of the test can be met if the party attempting to appeal shows that it falls within the doctrine of "virtual representation." *Huizar*, 740 S.W.2d at 430 (Kilgarlin, J., concurring) (person who is party under doctrine of virtual representation may appeal); *Mobil Exploration & Prod. U.S., Inc. v. McDonald*, 810 S.W.2d 887, 889 (Tex. App.—Beaumont 1991, writ denied) (doctrine of virtual representation is one means by which person who is not party of record may perfect appeal). To demonstrate standing under the doctrine of virtual representation, the person attempting to appeal must show that he is bound as a privy to the judgment. *Benson v. Anderson*, 899 S.W.2d 272, 275 (Tex. App.—Houston [14th Dist.] 1995, writ denied). "A privy is one so connected in law with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Mobil Exploration*, 810 S.W.2d at 890;

2

*see also Westmoreland v. State*, No. 12-06-00104-CV, 2007 WL 677889, at *2 (Tex. App.—Tyler Mar. 7, 2007, no pet.) (mem. op.).

In the present case, the doctrine of virtual representation does not provide Bank of America with standing as a party to appeal the judgment against the Defendant. Bank of America has not demonstrated any relationship to the Defendant that would bind it as privy to the judgment. Indeed, Bank of America asserts in its brief that "there is nothing in the record that shows 'Bank of America, N.A.' is in any way related to the judgment debtor." While Travis County's brief contains some assertions regarding a claimed legal relationship between "Bank of America, N.A." and "Bank of America, Texas, N.A.," these assertions are based on information that is both outside the record and insufficient to establish that Bank of America would be bound as privy to the judgment.

In summary, Bank of America was not a party to the judgment and has not established that it is otherwise bound by the judgment. Bank of America does not contend that it is acting as the Defendant's legal representative and, in fact, disavows any such relationship. Because Bank of America was not a party below, it has no standing to bring this appeal. Therefore, we dismiss this appeal for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed:   June 4, 2013