

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-13-00195-CV

IN THE INTEREST OF J.F.R., JR.,
A CHILD

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an attempted appeal from an order terminating the parental rights of B.P.C. and J.F.R. to J.F.R., Jr. R.S. and A.R., who were not parties to nor intervenors in the trial court proceedings, have filed this appeal, seeking to alter the trial court's judgment.

On May 31, 2013, we sent appellants' counsel a letter indicating our concern that we did not have jurisdiction over the case because appellants were

---

[1]*See* Tex. R. App. P. 47.4.

not parties to the trial court case and directing appellants' counsel to submit a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a). Appellants' counsel did not file a response. The Department of Family and Protective Services filed a motion to dismiss the appeal for lack of jurisdiction.

Standing, which focuses on who may bring an action, is a prerequisite to subject matter jurisdiction. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *see also In re Vogel*, 261 S.W.3d 917, 920 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). Standing must exist at every stage of the legal proceedings, including appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). To establish standing for an appeal, a person must generally have been a party to the judgment. *In re S.J.*, No. 14-11-00142-CV, 2011 WL 2150586, at *1 (Tex. App.—Houston [14th Dist.] June 2, 2011, no pet.) (mem. op.). Generally, an appeal is available only to parties of record; nonparties who have not properly intervened in the trial court lack standing to appeal the trial court's judgment. *See Cont'l Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987); *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965).

Because Appellants were not parties in the trial court, nor were they nonparties who had properly intervened in the trial court, Appellants lack standing to appeal. *See S.J.*, 2011 WL 2150586, at *1 (holding that appellant who had not properly intervened lacked standing to appeal the nonsuit order).

Accordingly, we grant the Department's motion to dismiss and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *In re J.D.G.*, No. 02-02-00194-CV, 2003 WL 21028373, at *2 (Tex. App.—Fort Worth May 8, 2003, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because appellant was not a party to the trial court proceeding); *see also In re K.A.P.*, No. 14-11-00536-CV, 2011 WL 4373987, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2011, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because grandmother was not a party to the judgment nor an intervening party after judgment); *S.J.*, 2011 WL 2150586, at *1 (dismissing appeal for lack of jurisdiction because appellant did not demonstrate that her suit was consolidated with the underlying suit, that she had intervened in the underlying suit, or that she had otherwise become a party to the suit she attempted to appeal).

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: July 3, 2013

3