

# Fourth Court of Appeals
## San Antonio, Texas

June 11, 2014

No. 04-14-00282-CV

**IN RE STATE OF TEXAS**

Original Mandamus Proceeding[1]

**ORDER**

Sitting:      Karen Angelini, Justice
                  Marialyn Barnard, Justice
                  Rebeca C. Martinez, Justice, Dissenting

On May 15, 2014, this court issued an order conditionally granting mandamus relief, directing the trial court to vacate its order of April 22, 2014, and maintaining a stay of that order until vacated by the trial court.[2]

On May 23, 2014, real party in interest A.L.F.L. filed a motion suggesting that intervening actions by the trial court in the underlying divorce proceeding rendered this original mandamus proceeding, and the relief conditionally granted by this court, moot. According to the order attached as an appendix to A.L.F.L.'s motion, the trial court conducted a hearing on the State's plea to the jurisdiction and A.L.F.L.'s motion to strike the State's petition in intervention on May 14 and signed an order containing its rulings on May 16, 2014.

Considering the issue of possible mootness based on these intervening rulings for the first time, the panel requested, and received, responses to A.L.F.L.'s motion on behalf of the respondent judge and relator, the State of Texas.

As the majority opinion issued in this proceeding on May 15, 2014 concludes, it was the trial court's determination of the constitutional challenges pled by the parties without prior notice to the attorney general which constituted an abuse of discretion as to the procedural issue.[3] The fact that the State has since been permitted to appear and present argument in defense of Texas state laws on its own plea to the jurisdiction does not remedy the fact that the April order at issue in this mandamus proceeding was entered without prior notice to the attorney general as required

---

[1] This proceeding arises out of Cause No. 2014CI02421, styled *A.L.F.L. v. K.L.L.*, pending in the 438th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding.

[2] The stay of the April 22 order was originally ordered on April 24, 2014 when the court requested a response to the mandamus petition.

[3] The dissent erroneously attempts to read the majority's order as including a finding of an abuse of discretion as to the substantive issues addressed by the trial court's order.

by the Texas Government Code. In addition, the majority does not agree that relator has an adequate remedy by appeal. The State was not before the court in the underlying proceeding at the time the trial court rendered the April 22 order. *See, e.g., Cont'l Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987) (appeal is generally only available to parties of record). Nor does the State's interlocutory appeal from the trial court's subsequent order denying its plea to the jurisdiction provide an adequate remedy as to the April 22 order.[4] The May 16, 2014 order appealed from in that proceeding does not contain any findings similar to those contained in the April 22 order that Article I, section 32 of the Texas Constitution and related sections of the Texas Family Code are unconstitutional. The dismissal of this mandamus proceeding as moot would allow the April 22 order, currently stayed, to remain in effect despite the fact that the attorney general was not permitted to participate in the March 27 hearing prompting the trial court's findings.

The majority, having considered A.L.F.L.'s motion and the responses of the parties, concludes that the mandamus relief conditionally granted by this court's order of May 15, 2014 has not become moot as a result of the trial court's subsequent actions. Accordingly, A.L.F.L.'s request that the mandamus proceeding be dismissed as moot is DENIED.

This court's previous orders, including the order directing the trial judge to vacate the April 22, 2014 order and provide notice to the attorney general as required by the Texas Government Code prior to conducting a hearing or ruling upon the constitutionality of Texas state laws, and the subsequent order maintaining the stay of the April 22, 2014 order until such time as it has been vacated, remain in effect. The writ of mandamus conditionally granted by this court on May 15, 2014 will issue if this court is notified that Judge Barbara Hanson Nellermoe has failed to vacate the order as directed within five days from the date of this order.

The court requests that relator provide this court with notice of the trial court's action, or failure to act, no later than June 17, 2014.

It is so **ORDERED** on June 11th, 2014.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of June, 2014.

Keith E. Hottle
Clerk of Court

---

[4] The State of Texas filed notice of an interlocutory appeal on May 22, 2014 in Appeal No. 04-14-00364-CV, styled *In the Matter of the Marriage of A.L.F.L. and K.L.L. and In the Interest of K.A.F.L., A Child*, presently pending before this court.