In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00398-CV

_____

IN THE INTEREST OF Z.B., Z.B., AND J.B.

On Appeal from the 279th District Court
Jefferson County, Texas
Trial Cause No. F-219,449

## MEMORANDUM OPINION

This is an attempted appeal by the children's great-grandmother, who was neither a party nor an intervenor in the trial court proceedings, from an order terminating parental rights. On September 18, 2014, we sent a letter questioning our jurisdiction over the case because appellant was not a party to the trial court case. Appellant did not file a response.

Standing is a prerequisite to subject matter jurisdiction. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010). Standing must exist at every stage of a legal proceeding, including appeal. *Williams v. Lara*, 52 S.W.3d 171, 184

1

(Tex. 2001). To establish standing to appeal, a person must generally have been a party to the judgment. *In re S.J.*, No. 14-11-00142-CV, 2011 WL 2150586, at *1 (Tex. App.—Houston [14th Dist.] June 2, 2011, no pet.) (mem. op.). Nonparties who have not properly intervened in the trial court generally lack standing to appeal the trial court's judgment. *See Cont'l Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987).

Because appellant was not a party in the trial court, nor was she a nonparty who had properly intervened in the trial court, she lacks standing to appeal. *See S.J.*, 2011 WL 2150586, at *1. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *In re K.A.P.*, No. 14-11-00536-CV, 2011 WL 4373987, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2011, no pet.) (mem. op.) (Appellate court dismissed appeal for lack of jurisdiction because grandmother was neither a party to the judgment nor an intervening party.).

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 22, 2014
Opinion Delivered October 23, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.

2